CHARLES A. HEINRICHS, Appellant, *v.* WILLIAM S. WOODS, Respondent.

### May 20, 1879.

The assignee under a voluntary assignment for the benefit of creditors, does not represent the creditors, and cannot on their behalf dispute a conveyance of his assignor, good *inter partes*, as being in fraud of creditors.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

D. W. SADLER, for appellant, cited : *Chapman* v. *Callahan*, 65 Mo. 299 ; *Crawford* v. *Lyle*, 3 Mo. App. 585 ; *Leach* v. *Kelly*, 7 Barb. 466 ; *Brownell* v. *Curtis*, 10 Paige, 210 ; *The State to use* v. *Rowse*, 49 Mo. 593 ; *Perry* v. *Calvert*, 22 Mo. 361 ; *Reid* v. *Mullens*, 48 Mo. 344.

L. B. VALLIANT, for respondent, cited : *Gates* v. *Labeaume*, 19 Mo. 26 ; *Wittmore* v. *Hastings*, 51 Mo. 171 ; *Valentine* v. *Decker*, 43 Mo. 583 ; *Bevins* v. *Bolton*, 31 Mo. 443 ; *Pope* v. *Pope*, 40 Miss. 516 ; *Mitchell* v. *Black*, 6 Gray, 105 ; *Sawyer* v. *Turpin*, 1 Otto, 114.

BAKEWELL, J., delivered the opinion of the court.

On April 20, 1874, Poppin & Co., being embarrassed, owed the plaintiff $2,543, represented by a note then overdue. The plaintiff extended the note for six months, in consideration that Poppin & Co. would secure him by a mortgage upon a portion of their stock in trade. This

stock consisted of toys contained in a four-story warehouse. It was agreed that the mortgage should not be recorded, as Poppin & Co. hoped, if no alarm was created amongst their general creditors, they might be able to pay their way and continue their business. It was agreed that an actual delivery of the goods should be made. The mortgage covered the goods stored in the third and fourth stories; and on the execution of the mortgage, Poppin took the plaintiff's agent up to the third floor, showed him the goods, and said, " I give you possession of all these goods." The same ceremony was performed on the fourth floor. The goods were inventoried, and an inventory furnished the plaintiff's agent, and verified by his personal examination. Poppin & Co. were allowed to sell from the goods thus inventoried, provided they should keep a separate account of these sales, not sell below a certain price, and turn over the proceeds to the plaintiff in extinguishment of the debt. Three months afterwards, Poppin & Co. made a voluntary assignment under the statute, to Woods, for the benefit of all their creditors; under which Woods took possession of the goods in question, and of all the other goods in the store, according to the terms of the assignment. This action is for the possession of the specific property described in the mortgage. There was a verdict and judgment for the defendant, and the plaintiff appeals.

The instructions given and refused are very numerous and lengthy. It is unnecessary to refer to them further than to say, that, from the action of the court in giving and refusing instructions and in the admission and exclusion of evidence, it appears that the case was tried, against the plaintiff's objections, on the erroneous theory that an assignee under a voluntary assignment for the benefit of creditors, under our statute, stands as the representative of the creditors, in such a sense that he can attack the conveyances of his assignor on the ground of fraud; and that it lay, therefore, in the mouth of Woods, in the present case,

to say, that no sufficient delivery of these goods having been made, the unrecorded mortgage was in fraud of creditors and void as to them. This mortgage was confessedly good *inter partes*, and to secure a *bona fide* debt. The debtor could not attack it, and his assignee for the benefit of creditors is in no better position. At common law, the assignee was a mere volunteer, and the undisputed rule was that he could not attack the conveyances of his assignor. Nor have the provisions of our statute changed the rule in that respect.

It is taken for granted by this court in *Schultz* v. *Christman*, 6 Mo. App. 338, that by an assignment no right passes to the assignee to annul a sale as being in fraud of creditors ; that the assignee does not represent the creditors, and cannot object on their behalf ; and that if the conveyance is good except as to them, the assignee, under our statute, cannot dispute it. In this the court followed the rulings in other States as well as the doctrine of our own Supreme Court. In *The State to use* v. *Rowse*, 49 Mo. 593, Judge Bliss refers to *Gates* v. *Labeaume*, 19 Mo. 17, and says that it is an erroneous interpretation of that case to hold that the spirit of that decision is to treat an assignee as a *bona fide* purchaser for a valuable consideration ; that the Missouri doctrine in this respect does not differ from that of the other States ; and that the assignee stands in the shoes of the assignor as to equities that were good as against the assignor.

Counsel for the respondent contends that such a doctrine leaves the victims of a conveyance void as to creditors without a remedy ; because, he says, if the assignee cannot attack such an instrument it is unimpeachable, because where an assignment has been made, the creditors are bound by it. That a subsequent judgment or lien creditor cannot attack the assignment, unless on the ground of fraud, and that a fair and valid assignment passes the legal title to the assignee without any assent of creditors, is true

enough. *Valentine* v. *Decker*, 43 Mo. 583. But no such consequences as counsel for the respondent seems to apprehend flow from this doctrine. If this property had been already conveyed by the debtor to Heinrichs, by an instrument valid between the parties, it did not pass to the assignee, because the assignee took no better title than his assignor had to give. The conveyance was good against the assignee; but if void as to creditors of the assignor, it may be attacked by them, whether they have accepted under the assignment or not.

The judgment is reversed and the cause remanded. All the judges concur.