Roan v. Winn.

ROAN, *Appellant*, v. WINN, *Appellant ;* RUBEY, *Assignee, Respondent.*

1. **Insolvent Bank** : ASSETS : CREDITORS. Where a bank becomes insolvent, its assets are a trust fund to be managed by the directors for the benefit of the creditors, and after such insolvency the directors cannot, in equity, secure any advantage to themselves.

2. ———— : CONVEYANCE TO DIRECTOR : EQUITY. Where a bank in a state of insolvency conveys land to a director and stockholder in

exchange for his stock, the stockholder knowing the insolvency, equity will set aside the conveyance in favor of creditors.

3. **Notice.** Whatever is sufficient to put a man on inquiry amounts to notice, that is, when one has sufficient information to lead him to the knowledge of a fact, he shall be deemed to be cognizant of it.

4. **Assignee for Benefit of Creditors :** FRAUDULENT CONVEYANCE. An assignee for the benefit of creditors cannot assail conveyances of the assignor on the ground that they were made in fraud of creditors.

5. ————: JUDGMENT CREDITOR. One who has obtained an allowance of his claim, before an assignee for the benefit of creditors, is a judgment creditor, and as such can maintain a suit to set aside the fraudulent conveyances of the assignor.

*Appeal from Moberly Court of Common Pleas.*—HON. G. H. BURCKHARRT, Judge.

REVERSED AND REMANDED.

*R. S. Matthews* and *R. J. Ebberman* for appellant, Roan.

(1) The capital stock of a bank includes its money and property, and is a trust fund for all creditors who may do business with such bank. See Angell and Ames on Corp., sec. 600 ;. Thomp. on Liability of Stockholders. The decisions of all the states are uniform on this question, and have been in American courts since 1824, when the law was first declared by Chief Justice Story. (2) Winn having been a stockholder and director of said bank from its organization, and was such in 1880, when the transfers of said property were made, he cannot be heard to say that he did not know the condition of said bank at the time he bought said property with his paid-up stock. 1 Greenl. on Evidence, sec. 207 ; Thompson on Liability of Officers and Agents of Corporations, p. 398, sec. 24, and cas. cit. (3) The assignee cannot maintain an action to recover property conveyed in fraud of creditors. *Lemay v. Bicheau*, 2 Minn. 291 ; *Easterbrook v. Messersmith*, 18 Wis. (4) The bank had no right to

transfer its real estate.   R. S. secs. 706, 743.   But when purchased by a stockholder or director, he holds it subject to the rights of creditors.   Thompson on Liabilities of Officers of Corporations, p. 398; *Twinlick Oil Co. v. Marburg*, 91 U. S. 587.   (5) The transfer from the bank to Winn is not void, but voidable, and the first one who sues has the prior right.   *George v. Williams*, 26 Mo. 190; *Pullis v. Robinson*, 73 Mo. 201; *Jackson v, Robinson*, 64 Mo. 289.   (6) At common law, the assignee of an insolvent debtor for the benefit of creditors takes only such rights as the assignor or debtor had at the time of the general assignment, and if the assignor had no right of action the assignee has none.   2 Story's Eq., sec. 1039; Broom's Legal Maxims, p. 314; *Hulbert v. Carter*, 21 Barb. 223; 9 Mo. App. 594; 7 Mo. App. 236. A naked right to sue cannot be assigned.   *Smith v. Harris*, 43 Mo. 557; Wait on Actions & Defences, 361.

*Williams & Jones* and *Sears & Guthrie* for appellant, Winn.

(1)   Plaintiff's petition is fatally defective because it fails to state that he has ever reduced his claim against the Macon Savings Bank to a judgment.   To maintain a bill in equity to set aside a fraudulent conveyance such action is an essential prerequisite.   The plaintiff must establish his claim by a judgment, and thus secure a lien on the property.   *Crim v. Walker*, 79 Mo. 335; *Lionberger v. Baker*, 88 Mo. 447; *Zoll v. Soper*, 75 Mo. 460; *Martin v. Michael*, 23 Mo. 50; *Fisher v. Tallman*, 74 Mo. 39; 2 Bump on Fraud. Con. [2 Ed.] 521, 2, 3, 4; *Dunlevy v. Tallmage*, 32 N. Y. 457; *Van Hussen v. Radcliff*, 17 N. Y. 580, 584; 12 Fed. Rep. 375.   (2) And, even while an allowance of a claim by an assignee may pass such claim *in rem adjudicatam* between the assignee and claimant, and forever settle the claimant's right to participation in the assets in the

hands of the assignee, it is not *res adjudicata* as be-
tween the claimant and the assignor. It can create no
lien on the assignor's unassigned realty. It will not
support an execution. If the assignor should be sued
upon it, he would have every defence, and more than he
could interpose to an action on a foreign judgment, as
was the case in *Crim v. Walker*, 79 Mo. 335. It only
adjudicates his relation to the assigned property. *Epp-
right v. Kauffman*, 90 Mo. 25. (3) But the petition
even fails to allege that plaintiff's debt had ever
been formally allowed by the assignee, or any steps
taken to have a proper allowance of his claim before
the assignee. Plaintiff could have obtained a judgment
at law against the bank, and thus have established his
debt and a lien, and if he then found the bank the
owner of the land, but Winn's claim of such a nature
as to obstruct his execution, he could have applied to a
court of equity for relief. *Lionberger v. Baker*, 88 Mo.
447. But courts of equity do not sit to collect debts.
*Dunlevy v. Tallmage*, 32 N. Y. 457-461. (4) The
bank, the only real debtor, the real wrong-doer, and
whose fraud is the sole subject of investigation in this
cause, is not made a party, and no reason is alleged
therefor in the petition. *Randolph v. Daly*, 16 N. J.
Eq. 313; *Gaylord v. Kelshaw*, 1 Wall. 81; *Sewall v.
Russell*, 2 Paige, 175; Bump on Fraud. Con. [2 Ed.] 534,
cas. cit. in note 7. (5) Defendant, Rubey, by the
assignment set up in his cross-bill, took no right, title,
or interest in the land in controversy. He took the
estate as his assignor held it at the time of the assign-
ment. *Phillips to use v. Rowse*, 49 Mo. 586, 593;
*Henrich's v. Wood*, 7 Mo. App. 236; *Haeussler v.
Leichman*, 9 Mo. App. 594; *Schultz v. Christman*, 6
Mo. App. 338; *Zoll v. Soper*, 75 Mo. 460; *Jackman v.
Robinson*, 64 Mo. 289; *Merry v. Freeman*, 44 Mo. 518;
*George v. Williamson*, 26 Mo. 190; *Brown v. Finley*, 18
Mo. 375; *Hall v. Callahan*, 66 Mo. 316; *Hawks v.*

*Pretzloff*, 51 Wis. 163 ; *Campbell v. Whitson*, 68 Ill. 240 ; s. c., 18 Am. Rep. 553 ; *Van Husen v. Radcliff*, 17 N. Y. 580 ; 20 Fed. Rep. 801. (6) Receiver of insolvent bank cannot follow property in hands of directors without aid of a statute. *Van Dyck v. McQuade*, 86 N. Y. 38.

*Dysart & Mitchell* for respondent.

(1) Plaintiff is at fault in assuming that the transaction between the officers of the bank, whereby Winn swapped, or exchanged, his stock for the property of the corporation, was not void, but only voidable ; that such exchange was good and valid, as between the bank and Winn, and assailable only by a creditor of the bank. No case has been cited, nor can be, that a corporation can surrender its assets and property for the shares it has already issued and sold for cash. The very purpose of selling the shares was to create a capital stock, and that capital stock at once became a sacred trust fund for creditors. R. S., secs. 902, 908, 913. (2) But even if this were an ordinary case of a fraudulent sale, without consideration, of the property from the bank to Winn, it is not admitted that Rubey, as assignee, could not claim and subject it to the payment of the debts of the bank. Our statute of assignments has made important changes in the common law. Now the assignor cannot prefer a creditor. The transfer is for the benefit of all the creditors in proportion to their claims. *Alexander v. Relfe*, 74 Mo. 495. (3) The petition is not fatally defective in failing to allege that plaintiff had first reduced his claim to judgment. The corporation was insolvent. *State ex rel. v. Kellogg*, 52 Mo. 583 ; *Moore v. Whitcomb*, 48 Mo. 543 ; *Hotel Co. v. Sauer*, 65 Mo. 279 ; *Slee v. Bloome*, 19 Johns. 456 ; *Dryden v. Kellogg*, 2 Mo. App. 88. Besides, it is claimed by Roan that he had his claim allowed, which is a judgment. *Eppright v. Kauffman*, 90 Mo. 25.

NORTON, C. J.—It is substantially alleged by the petition in this case, that the Macon Savings Bank, on the sixteenth day of February, 1882, made an assignment for the benefit of its creditors, to the defendant, Web. M. Rubey ; that, at the time of the failure and assignment by the said bank, the bank was indebted to the plaintiff in the sum of $1,333.78 ; that, previous to said assignment, on the eleventh day of February, and on the second day of March, 1880, said bank conveyed by deed to defendant, Winn, two parcels of land, the property of said bank, in consideration of said Winn (who was then, and had been since 1874, a stockholder and director in said bank) surrendering to said bank twenty-seven hundred dollars of his paid-up stock ; that, at the time these deeds were made, the bank was insolvent and in failing circumstances, of which it is alleged defendant, Winn, had knowledge. The prayer of the petition is, in effect, that the property so conveyed be subjected to sale for the payment of plaintiff's debt as a creditor of said bank.

The answer of defendant, Winn, is a general denial ; defendant, Rubey, answers, and in effect admits the facts set up in the petition, and by way of cross-action, sets up the assignment made to him by the bank, and as the representative of the creditors, asks the court to deny the prayer of the plaintiff, and grant a decree in his favor, declaring the rents and profits of the land conveyed to his co-defendant, Winn, trust property for the benefit of the creditors, and that Winn be required to re-convey the land to him as assignee of the bank. The court found that the deeds to Winn were void, and decreed that the title to the premises be vested in defendant, Rubey, to be administered by him under the deed of assignment, and that he pay plaintiff out of the proceeds of the premises two hundred dollars, assessed by the court in his favor for an attorney's fee in bring-

ing the suit. The case is before us on cross-appeals from this judgment taken by plaintiff, Roan, and defendant, Winn, Roan complaining that the court erred in not decreeing the land to be sold for the satisfaction of the debt, and Winn complaining that it erred in holding the deeds to be void.

It is conceded that the relation of defendant to the bank as stockholder and director was such as is stated in the petition; that Winn paid for the property in dispute by surrendering to the bank twenty-seven hundred dollars of his paid-up stock, and that the stock so surrendered was selling at par, and that twenty-seven hundred dollars was the fair and full value of the land, at the time of the sale, and it was agreed to be worth, at the time of the trial, twenty-two hundred dollars, and that the bank did not become indebted to plaintiff until fifteen months after the sale. The defendant, Winn, over the objection of plaintiff, testifies that he had no personal knowledge that the bank was insolvent, or in failing circumstances, at the time he purchased the property; that he bought it in good faith; had heard some rumors that the bank was not solvent.

The first question presented by the record is: Are the deeds made to Winn fraudulent as to creditors of the bank, and the property conveyed subject to their claims? It is an admitted fact, that when these deeds were executed, that the Macon Savings Bank was insolvent, and in such case the law is settled that the assets of the bank became a trust fund to be managed by the directors, for the benefit of the creditors, and that, after such confessed insolvency, the directors cannot, in equity, secure any advantage to themselves. This has been so held in a well-considered case by Judge Philips (*Williams v. Jones*, 23 Mo. App. 132), and the authorities there cited sustain the proposition; in one of which (*Marr v. Bank*, 4 Cold. 471) it is said: "By the insolvency of the bank, the corporation is incapable of

pursuing the objects for which it is created, without defrauding the public and existing creditors. Its officers or agents properly ceased to use its franchises after the insolvency was ascertained; but their responsibility as to the assets did not cease. They continued to hold them as before; not for themselves, or for the use and benefit of the stockholders, but for the creditors of the corporation. After the insolvency of the corporation, although the legal ownership of the assets may continue as before, the beneficial interest of the stockholders clearly no longer exists, as a state of insolvency presupposes that the capital and assets are insufficient to meet the liabilities. The stockholders having incurred no personal liability for the debts of the corporation, have, in point of fact, no interest in the disposition of the assets of the bank after its insolvency. In equity, as well as at law, the beneficial interest therein belongs to the creditors. The capital is the fund they trusted, and to which, with the after-acquired property, or assets of the corporation, they can alone look for indemnity. Both stand pledged for the payment of the corporation debts, and a court of equity will follow them into the hands of stockholders, or other persons receiving them with notice, for the benefit of creditors."

Now, under the principle stated above, if the bank was actually insolvent at the time the deeds were made to Winn, and he had knowledge of such insolvency, the deeds must give way to the claims of a creditor when a court of equity is asked by him to avoid them. Did Winn have such knowledge? He testified that he had no *personal* knowledge of the insolvency of the bank, and admitted that he had heard rumors that it was not solvent. In view of this statement, and the fact that he had been a director of the bank since 1873 or 1874, and also a stockholder, under the rulings of this court, in the cases of *Kitchen v. Railroad*, 69 Mo. 265, and *Leavitt*

*v. Laforce*, 71 Mo. 356, he is chargeable in the eye of the law with knowledge. In the first case cited, it is said: "The law imputes to a purchaser the knowledge of a fact, of which the exercise of common prudence and ordinary diligence must have apprised him." Whatever is sufficient to put a person on enquiry is notice; that is, when a man has sufficient information to lead him to a fact, he shall be deemed to be cognizant of it. In the case last cited, it is said that, when a person has not actual notice, he ought not to be treated as if he had notice, *unless* the circumstances are such as to enable the court to say, not only that he might have acquired, but also that he ought to have acquired, the notice with which it is sought to charge him; that he would have acquired it but for his gross negligence of the conduct of the business in question. "In short, gross negligence under certain circumstances, is held, in equity, to be equivalent to notice."

Winn having this knowledge, could only, thereafter, deal with the assets of the bank as a trustee for the creditors, and having no beneficial interest as a stockholder, he is chargeable with knowledge of the fact that the twenty-seven hundred dollars of stock which he paid for the land, and withdrew from the trust fund, though having a marketable value, was of no value and worthless. In view of what has been said, the conclusion follows, that the deeds to Winn must be held to be fraudulent in law, and the property conveyed subject to the claim of creditors.

While the court in its decree properly set aside the deeds to Winn, it committed error in decreeing that the land should pass to defendant, Rubey, to be administered. It is well settled, by numerous decisions of this court, that neither the grantor in a fraudulent deed nor his heirs, executors, or assigns can sue to set aside such deed. *Zoll v. Soper*, 75 Mo. 460; *Jackman v. Robinson*, 64 Mo. 289; *Merry v. Freeman*, 44 Mo. 518. Un-

der our assignment law, the assignee stands in the shoes of the assignor, and if the assignor or grantor could not assail the deeds as fraudulent, neither can the assignee. While this precise question may not have been passed upon by this court, it follows as a corollary, from what has been held, and it has been passed upon, as above stated, and, we think, correctly, by the St. Louis court of appeals. *Shultz v. Christman*, 6 Mo. App. 338; *Heinrichs v. Wood*, 7 Mo. App. 236.

It is a rule, so well established as not to require the citation of authorities in support of it, that, before a creditor can proceed in equity to have a deed, made in fraud of the creditors of the grantor, set aside, and the property subjected to the payment of his debt, he must first have his claim established at law; the spirit and reason of the rule being that a court of equity is not the proper tribunal to ascertain what is due from one to another on a demand purely legal. It is insisted by counsel that plaintiff has not complied with this rule. We think the point is not well taken. While the plaintiff did not sue in a court of law and obtain judgment against the bank, it sufficiently appears in the record that the assignee of the bank adjusted his claim, ascertained and allowed the amount due, and gave him a certificate therefor, which adjudication was, under section 376, Revised Statutes, in so far as its finality was concerned, as much as if rendered by a court, and it has been so held in the case of *Eppright v. Kauffman*, 90 Mo. 25, where it is said: "When the assignee passes on a claim and allows it, the question involved therein becomes *res judicata*, and the decision of the assignee becomes final; in a word, a judgment, having all the force, effect, and conclusive attributes of any other judgment."

Under the facts in the case, and the law applicable to them, the prayer of the plaintiff should have been granted, and the court, in refusing it, committed error.

The judgment will be reversed and the cause remanded, with directions to the circuit court to enter up a decree in favor of plaintiff in conformity with this opinion. All concur, Black, J., concurring in the result.