SHERMAN S. JEWET & Co., Appellants, v. LUKE D. PREIST et al., Respondents.

Kansas City Court of Appeals, March 4, 1889.

1. **Chattel Mortgage** : UNACKNOWLEDGED AND UNRECORDED : VALIDITY OF, AS AGAINST ASSIGNEE AND JUDGMENT CREDITORS : PARTIES DEFENDANT. While the assignee may not question the validity of an unacknowledged and unrecorded chattel mortgage of his assignor ; yet the mortgagee cannot enforce the same against the creditors of such assignor, who have had their claims allowed before the assignee, and who, therefore, being in effect judgment creditors, are in condition to enforce their rights against such mortgagee and to be made parties defendant in an action where he is endeavoring to enforce such mortgage against such assignee.

2. **Practice**: RAISING QUESTION BY DEMURRER. The propriety of raising the foregoing questions on demurrer is not considered by the court.

*Appeal from the Ray Circuit Court.*—HON. J. M. SANDUSKY, Judge.

AFFIRMED.

*C. T. Garner & Son*, for appellants.

The mortgage of appellant is good between the parties thereto, Sherman S. Jewett & Co. and Willis Warinner, the assignor, it being to secure a *bona-fide* debt. Warinner, the assignor, could not attack it, neither can his assignee for he is in no better position. The assignee cannot, under our statute, dispute the

conveyance of his assignor. *Shultz v. Christman*, 6 Mo. App. 338; *Heinricks v. Wood*, 7 Mo. App. 236; *Hawk's Assignee v. Prestoff*, 51 Wis. 16; *Wakeman v. Barrows*, 41 Mich. 363; Burrill on Assign., sec. 152. The creditors are not judgment or execution creditors nor have any other title; the law has provided for the collection of debt. They take precisely what the conveyance gives them and part with no existing rights, hence they cannot prevail over one having a prior equity. *Van Husen v. Radcliff*, 17 Court of App. N. Y. and authorities therein cited; *Dickerson v. Tillinghast*, 4 Paige Reports, 215; *Reet v. Spencer*, 7 West, 286; *Wagon Co. v. Nichols*, 41 Hun 261.

*J. W. Shotwell, T. N. Lavelock, J. L. Farris* and *J. E. Ball*, for respondents.

(1) This is not a case between the appellants and the assignee of Willis Warinner, as appellants seem to think and treat in their brief, but is a contest with the creditors of Warinner who have proven up their claims. (2) The trial court committed no error in sustaining the demurrer, there being no cause of action stated in the petition as against the creditors of Warinner. (3) This suit is predicated on a chattel mortgage, but the petition fails to allege that the mortgage was recorded, or that the mortgagee took possession of the chattels, and is therefore utterly void as to creditors and purchasers. R. S. 1879, sec. 2503; *Hughes v. Menefee*, 29 Mo. 192; *Moser v. Claes*, 23 Mo. 420. (4) The statute does not specify any particular class or kind of creditors, but refers to general creditors. R. S. 1879, sec. 2503; *Johnson v. Jeffries*, 30 Mo. 425. (5) The court committed no error in admitting the creditors of Warinner to come in and be made parties defendant to this action, as it is very apparent to the court that they had an interest in the subject-matter of this controversy. R. S. 1879, sec. 3465. An unrecorded chattel mortgage made

in good faith, will be sustained against a voluntary assignment. *Meson v. Esten*, 1 E. ( R. I.) 18. A mortgage on personal property is valid between the parties thereto, although possession may not accompany the mortgage and the deed not recorded. *Johnson v. Jeffries*, 30 Mo. 423; *Paige v. Gardner*, 20 Mo. 511. The rule is briefly stated to be that the assignee acquires the right neither more nor less of the assignor, and stands in his exact position. The assignor can transfer no better right than that of which he is possessed. *Gray v. Thomas*, 18 La. Ann. 412; *Jack v. Davis*, 29 Ga. 219; *Smith v. Rogers*, 14 Ind. 224; *Wilson v. Bowden*, 26 Ark. 151; *Bush v. Lathrop*, 22 N. Y. ( 8 Smith) 535; *Ely v. McNight*, 30 Howe, N. Y. 97; *Shotwell v. Meek*, 23 Miss. 375. It is well settled by numerous decisions of our supreme court, that neither the grantee in a fraudulent deed nor his heirs, executor nor assignee can sue to set aside such deed. *Zoll v. Soper*, 75 Mo; *Jackman v. Robinson*, 64 Mo. 289; *Marry v. Fleming*, 44 Mo. 518; *Roan v. Winn*, 93 Mo. 503.

ELLISON, J.—A demurrer to the petition in this cause on the ground that it did not state a cause of action was sustained and plaintiff appeals. The petition and demurrer present this question: Can the mortgagee in an unacknowledged and unrecorded mortgage of personal property enforce it at law or in equity as against the creditors of the mortgagor. We answer that he cannot. *Hughes v. Menefee*, 29 Mo. App. 192.

In this case, the mortgagor, after giving the mortgage, made an assignment to defendant Priest for the benefit of his creditors, the other defendants, and it is urged in behalf of plaintiff that as the mortgage was good as between the parties as the mortgagor could not object to the mortgage not being acknowledged or recorded—that his assignee, who stands in his shoes, cannot.

We may admit the correctness of this contention ; but in this case, the creditors under the assignment whose claims have been allowed before the assignee have interposed their rights as against the mortgagee. A creditor who has his claim allowed by the assignee is, in effect, a judgment creditor ( *Roan v. Winn*, 93 Mo. 503 ), and as such is in a condition to enforce his rights against a fraudulent mortgagee.

We can see no objection to the creditors being made party defendants in the cause.

We have not considered the propriety of the question in this case being raised on demurrer from the fact that no objection is urged in that respect. The parties appearing to desire a decision on the law of the case as presented.

The judgment is affirmed.    All concur.