GILBERT MCDANIEL *et al.*, Respondents, v. GEORGE W. HARVEY, Appellant.

Kansas City Court of Appeals, November 14, 1892.

1. **Corporations:** STOCK, ASSETS: ASSIGNMENTS.  Subscriptions to the capital stock of a corporation compose a part of its assets, and pass by a general assignment to the assignee.

2. ———: PAYMENT OF STOCK: POWER OF DIRECTORS.  Where the board of directors of an old and new corporation are the same, and whether, in canceling the stock of themselves and others in the old insolvent corporation, and issuing stock therefor in the new one, they were acting for the old or new corporation or both, their action was alike void, since they were at least giving away or taking to themselves the assets of the new corporation for nothing.

3. ———: ———: ———. Whether the directors of a newly organized banking corporation can authorize its stock to be paid for in any other way than cash is seriously doubted; they at least are not authorized to issue stock except for money paid, labor done or property actually received, and worthless stock in an insolvent corporation is not so receivable.

4. ———: INSOLVENCY: KNOWLEDGE OF DIRECTORS. Directors having for many years complete management of a bank are charged with knowledge of its insolvency.

*Appeal from the Atchison Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

*J. A. Sanders, H. S. Kelley* and *M. McKillop*, for appellant.

(1) The court erred in refusing defendant's instruction, numbered 3, that plaintiffs could not recover. The demand sued for was paid and satisfied by the surrender of the corporation stock in the old for stock of like amount in the new. The plaintiffs cannot annul prior dealings of their assignor. *Jacobi v. Jacobi,* 101 Mo. 507, 512; *Roan v. Winn,* 93 Mo. 503, 511; *Haskell v. Worthington,* 94 Mo. 560. See authorities cited in support of this point in brief and argument. (2) Payment may be made in anything that the parties have agreed shall be a payment. 2 Beach on Corporations, sec. 557; 2 Morawetz on Private Corporations, secs. 832, 833; Cook on Stock & Stockholders, secs. 42, 47; *Phelan v. Hazard,* 5 Dill. 45; *Coffin v. Ransdell,* 110 Ind. 417; *Billings v. Robinson,* 94 N. Y. 415. (3) The new corporation was a continuation of the old, succeeded to its property and effects and continued its business at the same place with the same assets. The stock taken in the new was simply a representation of the same held by defendant in the old, and the assets

of the old were accepted by the new as full payment of said supposed subscription, or in exchange therefor. *Thompson v. Abbott*, 61 Mo. 176; *Hughes v. School Dist.*, 72 Mo. 643; *Eans v. Bank*, 79 Mo. 182; *Slatterly v. Railroad*, 91 Mo. 217; *Hopper v. Moore*, 42 Iowa, 563. (4) The new corporation succeeded to all the assets of the old, with which the new paid more than $25,000 of indebtedness. The assets so received were of much greater value than the amount of the capital stock of the new, and the new stock, simply representing and taking the place of the old, was of equal but no greater value than the old. It was the agreement that the new stock should represent the old stock. Whether the old was insolvent, or not, does not matter, as the new was the same body rehabilitated. 2 Morawetz on Private Corporations [2 Ed.] sec. 786; *Foster v. Mill Co.*, 92 Mo. 79, 87. (5) The court erred in refusing the sixth instruction asked by the defendant. The defendant surrendered his stock, and it was accepted by the corporation. It having been paid for in cash by paying for the stock in the old, which this stock represented, the defendant cannot be made to pay it again.

*Booher & Williams* and *David Rea*, for respondents.

(1) Unpaid subscriptions to the capital stock pass to the assignees under a general assignment for the benefit of creditors. *Eppright v. Nickerson*, 78 Mo. 482; *Lionberger v. Bank*, 10 Mo. App. 499; *Franklin v. Menown*, 10 Mo. App. 570; *Haskell v. Sells*, 14 Mo. App. 91. (2) Unpaid subscriptions to the capital stock are as much a part of the capital of the corporation as money paid in, and the directors cannot, without a breach of trust, attempt, without an equivalent paid to the corporation, to release a subscriber

from his obligation. *Haskell v. Sells, supra; Fisher v. Seligman,* 7 Mo. App. 383; *Lionberger v. Bank,* 10 Mo. App. 499; *Franklin v. Menown, supra; Eppright v. Nickerson, supra.* (3) The old corporation was insolvent at and long before the organization of the new one, and thereby became and was dissolved, and its stockholders had no interest in its assets, and the directors thereof became and were trustees to settle its affairs. *Descombes v. Wood,* 91 Mo. 204; Revised Statutes, 1871, sec. 744. (4) Directors have no power to release stockholders from their subscription. *Gill v. Balis,* 72 Mo. 424; *Walton v. Hake,* 9 Mo. App. 596; *Ins. Co. v. Floyd,* 74 Mo. 286; *Eppright v. Nickerson,* 78 Mo. 482.

GILL, J.—This an action for $1,500, the amount of defendant's subscription to the stock of the Savannah Savings Institution, of which the plaintiffs are its assignees under a deed of assignment. The issues were tried before the circuit court without a jury, where there was a finding and judgment in plaintiffs' favor, and defendant has appealed. For a full understanding of the nature of the controversy it is necessary to state the following facts: In the year 1865, a banking corporation by the name of the Savannah Savings Institution was created by special act of the legislature. Its prescribed capital stock was $10,000, and its term of incorporation limited to twenty-five years. The institution conducted its business at Savannah, Missouri, till March, 1888, when in view of its early demise a new banking incorporation, with the same name as the old one, was organized under the general law then in force, with a stated capital of $20,000. Defendant Harvey was a holder of $1,500 of stock in the old bank, and was one of its three board of directors, and on March 18, 1888, he subscribed for a like amount in the new

institution, and was, too, one of its board of directors. Indeed, the stockholders and directors in the new were the same as those of the old and abandoned corporation. The evidence tends to show (and it was so found by the trial judge) that at the dissolution of the old bank said corporation was insolvent, and stock therein was, therefore, in fact of no real value. The stockholders of the new organization paid nothing on account of their subscriptions; but a short time after securing the new incorporation sought to meet their respective obligations therefor in the following manner: On the seventh day of April, 1888, John McLain, G. W. Harvey, the defendant, and LaFayette McLain, the directors, named in the articles of association for the new bank, met as directors of the Savannah Savings Institution at its banking house, and made an order to the effect that certificates of stock held by these three directors and A. F. and C. M. Daily in the old bank be taken up and retired, and certificates of stock for like sums and amounts be issued to each of them in the new bank or corporation.

This new banking corporation continued business under its new incorporation until the twenty-ninth day of May, 1889, when it was unable to continue business because of insolvency, and, therefore, made an assignment of all its property and effects to the respondents as assignees thereof, for the benefit of all its creditors. The assignees, plaintiffs herein, treated the stock in the new corporation as unpaid and demanded of defendant Harvey and others the payment of their subscriptions. Harvey refused to pay, and, hence, this suit. The defense in this cause is that appellant surrendered his certificates of stock in the old corporation, and took certificates of stock for like sums in the new corporation, and in law that was a payment of his subscription of $1,500 sued for in this action.

The judgment in this cause is clearly for the right party, and will be affirmed. It must stand admitted that subscriptions to capital stock compose a part of the assets of the corporation, and that a general assignment for the benefit of creditors conveys the same to the assignee just as with other assets, or choses in action. No authorities are necessary to sustain this doctrine. Much, too, of defendant's brief and argument may be passed over by admitting that these assignees stand in the shoes of their assignor, and can in this action assert such, and only such, rights or claims as could have been asserted by the late or new Savannah Savings Institution. The point is this: When defendant Harvey subscribed to the capital stock of the new corporation, he, in law, assumed the binding obligation to pay thereafter $1,500, the face value thereof. This he failed to do. The corporation then was entitled to maintain an action to recover the same, and so likewise are its assignees. We take it that if this corporation, in proper person, was prosecuting this action, the defense here interposed would be of no avail. Defendant's counsel bases the claim that Harvey's obligation to pay for his stock had been satisfied on the proceedings of a certain meeting of directors (whether of the old or new incorporation is immaterial), evidenced by the following record:

"April 7, 1888.

"At a meeting of the directors of the Savannah Savings Institution, held at the banking house of said institution in the city of Savannah, Andrew county, Missouri, on the seventh day of April, 1888, there being present John McLain, George W. Harvey and LaFayette McLain, being all of such directors.

"It appearing to the directors that John L. McLain, George W. Harvey, LaFayette McLain, A. F.

Daily and Charles M. Daily have associated themselves under articles of association, and have become a banking institution, to be incorporated under the laws of the state of Missouri, under the name of the 'Savannah Savings Institution,' with a capital stock of $20,000, to succeed this corporation, and for the purpose of doing a banking business of deposit and discount in the city of Savannah, county of Andrew, state of Missouri.

"It is, therefore, ordered that the certificates of stock held by each one of said parties in the old and present Savannah Savings Institution be taken up and retired, and that certificates of stock for like sums and amounts be issued to each and every one of said parties in the new incorporation.

> "THE SAVANNAH SAVINGS INSTITUTION,
> "JOHN McLAIN,
> "G. W. HARVEY,
> "LAFAYETTE McLAIN.

"April 7, 1888."

This now, on its face, appears to have been a proceeding by the officers of the old bank, and they assume there to dispose arbitrarily of the assets of the new corporation. But whether defendant Harvey and the two McLains were then and there acting as and for the expiring defunct corporation, or in behalf of both institutions, the effect is the same. If they, as directors of the old concern, sought thus to dispose of the assets of the new and distinct corporation, their action was void; and if they occupied a dual relation—that is, as officers of both banks, it was an effort to give away or rather to take unto themselves the assets of the principal whose agents they were. In the last supposition these directors were in this manner without right or authority resolving their obligations for stock subscribed to have been paid by the surrender of stock they held in another corporation.

It may be seriously doubted if these directors of the newly organized corporation could authorize its stock to be paid for in any other way than by *cash*, or *"in lawful money of the United States,"* as seems to be provided in our statute for the incorporation of savings banks.   Revised Statutes, 1889, secs. 2744–2750. But at all events they were not authorized to issue stock, "except for money paid, labor done or property actually received."   Revised Statutes, 1889, sec. 2499; Constitution of Missouri, art. 12, sec. 8.   Here nothing was received by the new bank in payment of its corporate stock thus issued to defendant and others.   The stock held by this defendant and others in the old bank was surrendered up and canceled.   But even if it had been assigned to the new bank, as in case of a purchase, such stock was wholly worthless and so known to be by said directors.   The law imputes knowledge in a case like that.   Said parties had for years prior thereto the complete management of the old bank's affairs.   All were directors, and this defendant was secretary of the board.   Common prudence and ordinary diligence, would have apprised them of the old bank's insolvency, and, hence, they had in law knowledge thereof.   *Roan v. Winn*, 93 Mo. 511.

After a careful consideration of every point made in defendant's brief, we fail to discover any reason for disturbing this judgment.   It is, therefore, affirmed. All concur.