135  521
73a 257

135  521
150  300
78a 481

WOODSON v. CARSON *et al., Appellants.*

### Division One, October 16, 1896.

1. **Fraudulent Conveyance;** ATTACHMENT: PROPERTY IN POS-
SESSION OF TRUSTEE. Personal property in possession of a trustee
under a valid deed of trust given to secure certain creditors is not
subject to attachment, by other of the grantor's creditors, after the
grantor's default in the payment of the secured debts.

2. ———: DEED OF TRUST, INVALID IN PART. Where a deed of trust
secures several creditors the fact that one of the debts so secured
is fraudulent does not render the deed invalid as to *bona fide* creditors
secured thereby.

3. ———: ———: PRIORITIES. Attaching creditors who assail a deed
of trust executed by their debtor to secure certain creditors and suc-
ceed in establishing the fraudulent character of one of the claims so
secured are not thereby advanced to the place of the excluded credi-
tor so as to take priority over the *bona fide* creditors named in such
deed.

ON MOTION FOR REHEARING.

4. **Fraudulent Conveyance:** DEED OF TRUST: ESTOPPEL. Under
Revised Statutes, 1889, section 5170, declaring that every convey-
ance or assignment of any goods or chattels made with intent to
hinder, delay, or defraud creditors shall be void as to such creditors,
a creditor claiming under a deed of trust conveying personalty is not
precluded thereby from attacking the validity of the claims of others
secured by the same instrument.

*Appeal from Buchanan Circuit Court.*—HON. H. M.
RAMEY, Judge.

AFFIRMED.

*Dowe, Johnson & Rusk, Forsee & Forsee* and *I.
J. Ringolsky* for appellants.

(1) Respondent's mere unexplained possession of
the goods at the time we levied, gave him a *prima facie*
right to recover them from us. Mere possession is

*prima facie* evidence of right. Hence our admission. Best's Prin. Evi., pp. 30, 299, 358; Wharton, Evi., secs. 1331 and 1336; *Vastine v. Wilding*, 45 Mo. 89. (2) But where possession which, *prima facie*, is evidence of right, is shown to be wrongful, it will not sustain replevin. *McMahill v. Walker*, 22 Mo. App. 170; *Wright v. Richmond*, 21 Mo. App. 76; *Smith v. Lydick*, 42 Mo. 209; Wells on Rep., sec. 168; Herman, Chat. Mort., p. 217. (3) Respondent could not demand possession until default or condition is broken. This is the settled rule in this state whatever it may be elsewhere. Jones, Chat. Mort., last part sec. 426; *Barrett v. Timberlake*, 57 Mo. 499; *Sheble v. Curdt*, 56 Mo. 437; *Pace v. Pierce*, 49 Mo. 393; *Bowens v. Benson*, 57 Mo. 26; *Turner v. Laughlin*, 85 Mo. 438. (4) The clause in the deed providing that the trustee should, "at the request," etc., was a limitation upon the power of the trustee. Even after default, he could do nothing until such request was made. Jones, Chat. Mort., sec. 430; *Bowman v. Roberts*, 58 Miss. 126; *Bowman v. West*, 28 S. W. Rep. (Tex.) 519; *Eitelgeorge v. Bldg. Ass'n*, 69 Mo. 52; Jones on Mort., secs. 1174, 1182, 1183. (5) There was no acceptance by any creditor. Jones, Chat. Mort., secs. 104, 106, 108; 1 Cobbey, Chat. Mort., sec. 413; Pingrey, Chat. Mort., sec. 134; Bump, Fraud. Conv., p. 326; *Bank v. Morse*, 73 Iowa, 174; *Woodsworth v. Barlow*, 68 Iowa, 599; *Harman v. Myer*, 55 Wis. 85; *Merrill v. Denton*, 73 Mich. 628; *Tuttle v. Turner*, 28 Tex. 759; *Evans v. White*, 53 Ind. 1; *Baird v. Williams*, 19 Pick. 381; *Dale v. Bodman*, 3 Met. 139; *Bell v. Bank*, 11 Bush. 34; *Hood v. Brown*, 2 Ohio, 269. (6) The judgment is fatally erroneous. They were not entitled in any event to the goods, and also to their value. R. S. 1889, sec. 7492; *Baird v. Taylor*, 30 Mo. App. 580; *Hewson v. Tootle*, 72 Mo. 637. (7) The trustee had no author-

ity to proceed in any other method than that provided in the deed. A strict compliance with every provision thereof was required. Jones on Mort., secs. 1822, 1790, 1782; *Koehring v. Muemminghoff*, 61 Mo. 408; *Powers v. Kueckhoff*, 41 Mo. 425; *Garde v. Comfort*, 39 Mo. 313; *Sherwood v. Saxton*, 63 Mo. 78; Perry on Trusts, sec. 770; Lewin on Trusts, 423. (8) If respondent's possession was wrongfully taken it continued a wrongful possession. Best's Prin. Evi., pp. 303, 389; 1 Greenleaf Evi., sec. 41; Wharton, Evi., secs. 1284–1286. (9) A trust deed, fraudulent in part, is entirely void whether it be executed to secure one or several creditors.

*Ben Phillip, James W. Boyd*, and *Hall & Woodson* for respondent.

(1) This was an action under the statute for the recovery of the possession of personal property. The action is a possessory one. The question involved is the plaintiff's right of possession at the time of the institution of the suit; if the plaintiff was entitled to the possession of the property at that time he must prevail; otherwise not. (2) A mortgagee of chattels after breach of the condition of the mortgage is regarded in law as the absolute owner of the property. *Robinson v. Campbell*, 8 Mo. 365; *Dean v. Davis*, 12 Mo. 113; *Lacey v. Giboney*, 36 Mo. 320; *Pace v. Pierce*, 49 Mo. 393; *Bowens v. Benson*, 57 Mo. 26; *State ex rel. v. Adams*, 76 Mo. 605. (3) The mortgagor's interest in the mortgaged property after the mortgagee has taken possession is not subject to attachment or execution against the mortgagor. *State to use v. Carroll*, 24 Mo. App. 358; *Sexton v. Monks*, 16 Mo. 156; *Boyce's Adm'r v. Smith*, 16 Mo. 317; *Yeldell v. Stemmons*, 15 Mo. 444; *King v. Baily*, 8 Mo. 332; *Steele to use v.*

*Farber*, 37 Mo. 72; *Pollock v. Douglas*, 56 Mo. App. 490; 2 Cobbey on Chattel Mortgages, sec. 724; Jones on Chattel Mortgages, secs. 556, 587; *Bank v. Clement*, 26 N. W. Rep. 583. (4) The mortgagor's creditor is not without remedy. Such creditor may at the proper time maintain a garnishment, or by other proper proceeding may subject the mortgagor's interest in the property to the payment of his debt. *Sexton v. Meeks*, 16 Mo. 165; *Boyce's Adm'r v. Smith*, 16 Mo. 317; *Yeldell v. Stemmons*, 15 Mo. 444; 2 Cobbey on Chattel Mortgages, sec. 724; *Bank v. Clement*, 26 N. W. Rep. 583. (5) Where the mortgage secures several distinct creditors, fraud in the debt of one creditor does not affect the mortgage as to the other creditors, in the absence of all connection between such other creditors and said fraud. *Hardcastle v. Fisher*, 24 Mo. 70; *Pinneo v. Hart*, 30 Mo. 561; *Foster v. Mullanphy*, 92 Mo. 79; *Morris v. Lindauer*, 54 Fed. Rep. 22; *Riggon v. Wolf*, 14 S. W. Rep. 922; Bump on Fraudulent Conveyances, 488; Jones on Chattel Mortgages, sec. 336; *Prince v. Shephard*, 9 Pick. 176; *Morgan v. Worden*, 32 N. E. Rep. 783; *Rider v. Hunt*, 25 S. W. Rep. 314; *Cohn v. Ward*, 15 S. E. Rep. 140; *Zell Guano Co. v. Heatherby*, 18 S. E. Rep. 611; *Cohn v. Ward*, 9 S. E. Rep. 41. (6) The defendants in this case for the reasons hereinbefore stated obtained no right, lien, or interest in the property by means of their attachment and they were trespassers. They, therefore, had no claim, right, or interest to be settled or adjusted in this suit. *Bank v. Clement*, 26 N. W. Rep. 583. (7) But the defendants would not, in case of a judgment declaring Mrs. Levin's debts to be fraudulent, be entitled to be substituted to her place in the deed of trust. *Cohn v. Ward*, 15 S. E. Rep. 140; *Hardcastle v. Fisher*, 24 Mo. 70; *Zell Guano Co. v. Heatherby*, 18 S. E. Rep. 611. (8) As between the mortgagor and mortgagee, the latter becomes inti-

tled to the possession of the mortgaged property at once upon the execution of the mortgage unless it by express terms or necessary implication provides to the contrary. Jones on Chattel Mortgages, sec. 426, and authorities cited, and sec. 437; 1 Cobbey on Chattel Mortgages, sec. 445; *Gear v. Hurd*, 92 Ill. 315; *McCornell v. Scott*, 67 Ill. 274. (9) Where the plaintiff in replevin is entitled to possession, and receives the property under the writ of replevin and retains the same, the measure of his damages is the value of the use of the property during its detention by the defendant. *Yeldell v. Stemmons*, 15 Mo. 444; *State ex rel. v. Adams*, 76 Mo. 605.

MACFARLANE, J.—On the sixth of June, 1893, A. J. Levin by deed of trust conveyed to plaintiff Woodson as trustee a stock of goods, to secure certain creditors therein named. The trust deed recited that said A. J. Levin was indebted to the Saxton National Bank in the sum of $1,651.97; to Annie Levin in the sum of $1,600; to Max Litzitzsky in the sum of $300; to Mark Streicher & Company in the sum of $1,463.95; to John F. Stratton & Son in the sum of $652.75, and to Peabody & Engelsman in the sum of $1,864.86. The deed of trust then recited that if anyone should pay off the whole of the indebtedness within five days from its date, then the deed of trust was to be void. If not paid, then the trustee was authorized to sell said property if requested to do so by any one of the beneficaries and, out of the proceeds realized from the sale of the same, he should first pay the cost and expense of executing the trust, then he was directed to pay first the amount due the Saxton National Bank in full; second the amount due Annie Levin, in full; third the debt due Max Litzitzsky in full; fourth the claim of Mark Streicher & Company in full; fifth the claim of John Stratton & Son in full; sixth the remainder

of the proceeds, if any, was to be paid to the grantor or his legal representatives. The deed was recorded June 7, 1893, and on the same day plaintiff as trustee took possession of the goods.

Mark Streicher & Company and Peabody & Englesman did not accept the provisions made for them under the deed of trust and on the thirteenth day of June, 1893, commenced suits by attachment against A. J. Levin upon their claims and by virtue of writs issued thereunder, defendant Carson, as sheriff of Buchanan county, levied upon and took the goods from the possession of plaintiff.

Plaintiff thereupon commenced this suit of replevin under which he regained possession of the property. The attaching creditors were allowed to come in, as parties defendant, and made answer setting up the attachment suits and claimed the possession and right to possession of the sheriff under the writs issued in those cases. They then charged that the deed of trust was fraudulent and the pretended debts secured thereby were fictitious. Defendants admitted the execution and delivery of the deed of trust and assumed the burden of proving that plaintiff was not entitled to the possession of the property in dispute.

The evidence tended to prove that the debt of Mrs. Levin, who was the mother of the grantor, was, in whole or in part, fictitious. There was no evidence tending to impeach the honesty of the other debts secured or to prove that the trustee or any of the other creditors had knowledge or notice of fraudulent character of the debt to Mrs. Levin, or in any manner participated in the fraud of the grantor.

The court, after hearing the evidence, directed a verdict for plaintiff, in whose favor judgment was rendered, and defendants appealed.

I. Defendants claim the right of possession un-

der the writs of attachment issued some days after the deed of trust had been executed and delivered.

It is settled law in this state that property in possession of a mortgagee or trustee under a valid mortgage or deed of trust, is not subject to levy under execution or attachment by creditors of the mortgagor. *King v. Bailey*, 8 Mo. 332; *Young v. Schofield*, 132 Mo. 651, and cases cited; *Fahy v. Gordon*, 133 Mo. 414.

It is said, however, that the trustee was not entitled to the possession of the property, until default was made in payment of the debts. Without passing on this objection it is sufficient to say that default had occurred before the property was taken from plaintiff under the writs of attachment, and, at that time at least, he was in the lawful possession, if the mortgage was valid. *Sexton v. Monks*, 16 Mo. 161.

The right to the possession, which is the controlling question in replevin suits, depends upon the validity of the deed of trust.

II. The evidence tends to prove that the debt of Annie Levin secured by the deed of trust was fictitious and fraudulent. There was no evidence tending to impeach the *bona fides* of any other of the secured debts, nor was there any evidence that either the trustee or the other secured creditors had notice of or in any manner participated in the fraud of the mortgagor in respect to the pretended debt of his mother.

It has been frequently held by this court, and may be taken as settled law, that if a part of an entire indebtedness secured by mortgage is fraudulent, the mortgage itself will be utterly void and of no effect. *State ex rel. v. Hope*, 102 Mo. 428; *Boland v. Ross*, 120 Mo. 217.

These were conveyances made to secure a single creditor, a part of the debt mentioned being fraudulent. They are very different cases from the one in

hand, which secured the several debts of different cred-
itors, one only of which is fraudulent.    The former is
void *in toto* because the creditor necessarily participates
in the fraud.    A mortgage made to secure an honest
debt is valid as to the creditor secured, though the
purpose and intent of the mortgagor may have been
fraudulent.    It is the fraudulent participation of the
creditor that avoids the mortgage.

If Levin had made to each of these creditors a
separate mortgage, each creditor would stand or fall
according to the character of the transaction under
which it was made.    Instead of doing that he made
one mortgage to secure the independent debts of sev-
eral creditors, but the acts of the several creditors were
as independent as they would have been had a sepa-
rate deed been made to each; and there is no more
reason for avoiding the security offered an honest cred-
itor in one case than in the other.

It has been held in this state that an assignment
for the benefit of creditors is not wholly void for the
reason that some of the debts mentioned are fictitious.
*Hardcastle v. Fisher*, 24 Mo. 75; *Pinneo v. Hart*, 30
Mo. 569.

In the first of these cases LEONARD, J., says: "The
better way to render them" (deeds of assignment)
"effectual in securing the effects of insolvent debtors
to their creditors, will be to exclude the fraudulent
claimant from any participation in the fund, *  *  *
and letting it stand in favor of honest parties."

The analogy between deeds of assignment, and
deeds of trust to secure creditors is sufficiently close to
make these cases direct authority for holding this deed
valid as to the honest creditors secured, and void as to
those whose debts are fictitious and fraudulent in whole
or in part.

Jones, in his work on Chattel Mortgages, section

336, says: "A fraudulent intent and knowledge on the part of one of two mortgagees to whom a mortgage is made to secure separate and distinct debts does not affect the rights of the other. He stands in the same position as if he had taken a separate mortgage to himself. There are virtually two mortgagees instead of one, with distinct interests; and the fraud which vitiates the mortgage relates to the substance and subject-matter of the mortgage, and not to the parties. The fraud of one mortgagee taints the mortgage debt secured to him, and does not affect the mortgage debt secured to the other." To the same effect, see Bump on Fraudulent Conveyances [3 Ed.], page 488, and cases cited by each.

III. Defendants insist that, if the deed is void as to Mrs. Levin, they, as attaching creditors, are entitled to have their lien take the position in the order of preference she occupied under the deed of trust.

Without deciding whether such equitable rights can be settled in an action of replevin, we need only say that in our opinion the right of preference accorded to diligent creditors has never been carried so far as to displace or defeat the *bona fide* liens of other creditors previously secured by contract with the fraudulent debtor. The preferences can only apply to unsecured creditors, for those who have secured themselves by contract have already obtained a preference which they are entitled to hold. The grantor by his deed of trust conveyed the entire property to the trustee for the security of the creditors therein named. The provisions made for the order in which the debts should be paid operate precisely as if the creditors had been secured by independent successive deeds. Each creditor had the right if necessary to have the entire property appropriated to the payment of his debt subject

VOL. 135 mo—34

only to the priorities provided in the deed. If the debt of one creditor is extinguished by fraud or payment the rights of the others to the entire property are not defeated. It could not with propriety be contended that by payment of one debt the debtor could reclaim an interest in the property or secure subrogation to the rights of the creditor who was paid. If the debtor had no interest the creditor could secure none.

But we think this question is put at rest by the decision in *Hardcastle v. Fisher*, 24 Mo. 75. The deed in that case was an assignment for the benefit of creditors in which preferences were given to some of them. Some of the debts provided for in the deed, which were to be first paid, were fictitious and fraudulently put into the assignment by the contrivance of the grantor and those pretended creditors, but without the concurrence or knowledge of the *bona fide* creditors. In that case, as here, the claim was made by attaching creditors that they were entitled to take the place of the fraudulent creditors and to have the benefit of the preferences given them under the deed. In disposing of this question LEONARD, J., who delivered the unanimous opinion of the court said: "The attaching creditor, however, can not be allowed to stand in the place of the excluded claimant, and take his share of the fund. There is no legal principle upon which we can allow this. The impeached claim is extinguished by the fraud, so far as any participation in the assigned effects is concerned, and the effect of this in reference to the other creditors is, that the share, that would otherwise have been appropriated to its payment, sinks into the residue for the benefit of those who are entitled to the residue by the terms of the deed."

Counsel for appellant argues with much force that there is such a distinction between a deed of assign-

ment and this deed of trust that the decision has no force as an authority.

The deed considered in that case, which was treated by the court as a statutory deed of assignment, though evidently not so intended by the parties, gave certain creditors preference and authorized a sale of the property by the trustees and a payment of creditors in the order named. In these particulars it did not differ materially from the deed in question in this case. Some of the preferred debts were fictitious and fraudulent as in that case. The effect of those facts upon the rights of the parties was directly passed upon. Precisely the same question is involved here. We think the decision directly in point and are satisfied with the conclusion reached. In passing upon the identical question, in construing a deed of trust, the supreme court of West Virginia approved and adopted the language of Judge LEONARD as quoted above. *Cohn v. Ward*, 15 S. E. Rep. 141. The judgment is affirmed. All concur.

### ON MOTION FOR REHEARING.

MACFARLANE, J.—It is insisted, on motion for a rehearing, that, under the ruling in the original opinion, if an unsecured creditor is to derive no advantage from a successful attack upon a deed of trust, which is fraudulent as to one or more of the creditors secured thereby, and valid as to the rest, he will have no inducement to question its validity, and opportunity will thus be afforded a dishonest debtor to carry out fraudulent schemes without fear of having the fraud exposed and the fraudulent purpose prevented. This result is predicated upon the assumption that no one claiming security under the deed, though himself in no manner connected with the fraud, could question

its validity as to any of those who also claim under the same deed.

There would be much force in this argument if the assumption were true.

It is undoubtedly a well settled principle of law that neither the grantor in a fraudulent deed, nor his heirs, executors, or assigns can question its validity. *Roan v. Winn*, 93 Mo. 511, and cases cited. But in the same case it was held that, though, under a statutory assignment, the assignee could not question the validity of a prior conveyance of the assignor, yet a creditor could do so though he had accepted the assignment by having his debt allowed.

In *Heinrichs v. Woods*, 7 Mo. App. 236, page 239, it is said on the same subject: "The conveyance was good against the assignee; but if void as to creditors of the assignor, it may be attacked by them, whether they have accepted under the assignment or not." This decision was expressly approved in *Roan v. Winn*, *supra*.

There is no such distinction between the deed of trust in question, in this case, and a deed of assignment, as would require a different rule of law in respect to the rights of secured creditors who were innocent of the fraud of the grantor. They are no more grantees under the deed of trust than the creditors of an assignor are grantees under a deed of assignment.

The statute concerning fraudulent conveyances, (sec. 5170) declares that every conveyance or assignment of any goods and chattels, with intent to hinder, delay, or defraud creditors, "shall be from thence forth deemed and taken, as against said creditors," to be utterly void. No distinction is made between a creditor who is secured and one who is not. The deed is void as to all creditors who do not participate in the fraud, and any one of such creditors has the right to

invoke the powers of a court of equity to remove the fraudulent deed if legal process is thereby obstructed. All concur in overruling the motion.