Judge SnarsoN
delivered the opinion of the Court.
If this action had been brought in the name of the Trust Company Bank, the right of the defendant to a set-off would be clear and undoubted. The only question then that arises in the case is, whether the provisions of the charter, and the transfer of the effects of the corporation into the hands of commissioners in pursuance thereof, operates to divest this right, or whether it still continues notwithstanding this transfer, inasmuch as the demand on which it is founded was due to the defendant during the legal existence of the corporation. If it had been acquired by him after that period, it is very clear that no right of set-off would arise in his favor, as such a right in that state of case would be wholly incompatible with the provisions of the charter in reference to the liquidation of the affairs of the corporation.
The language of the act, under which the commissioners are acting in winding up the affairs of the bank, is not materially different from that contained in the act of 1839 regulating the administration and settlement of estates, and under that act the right of set-off, where the debtor held a debt or demand against the testator or intestate at his death, has never been questioned; but such a debt is allowed to attach, and to operate as an extinguishment of that amount of the debt due the testator or intestate, on the principle that the balance which remains after the set-off is deducted, is all that is actually due to the estate, and which can be rightfully and justly applied in the course of administration. (Ely, &c. vs. Horine, 5 Dana, 398.)
We think that the same doctrine should he applied in this case. The defendant did not actually owe -the bank anything at the time its cox-porate existence *355 terminated. His demand against it had previously accrued, and there was nothing due from him to it, to be regarded as assets or effects belonging to it, to be administered by the commissioners.
Wherefore the judgment is affirmed.