Smith v. Spengler.

---

SMITH, *Assignee*, v. SPENGLER *et al.*, *Appellants.*

**Set-Off.** A bank made an assignment for the benefit of its creditors and its assignee sued the defendants on their note to it, which became due after the assignment. Defendants pleaded by way of set-off a debt due them from the bank before the assignment. *Held*, it was a proper subject of set-off.

*Appeal from Jackson Circuit Court.*—HON. F. M. BLACK, Judge.

REVERSED.

*Karnes & Ess* for appellants.

Appellants had judgment against Smith, assignee, and respondent Smith, assignee, had judgment against appellants. Independent of any statute, these judgments, under general law, should have been set-off. The court erred in overruling the motion of Carl and John Spengler to set-off these judgments. *Bourne v. Bennett,* 4 Bing. 423–4; *Mitchell v. Oldfield,* 4 Durnford & East. 123; *Temple v. Scott,* 3 Minn. 420; *Wright v. Cobleigh,* 3 Foster (N. H.) 34; Waterman on Set-Off, page 372, section 344; 86 Ill. 270; *Carter v. Compton,* 79 Ind. 37; *Darby v. Freedman's Savings Co.,* 3 McArthur 349; *Seymour v. Dunham,* 24 Hun. 93; *Chancellor v. Drew,* 6 N. H. 470; *Simpson v. Hart,* 14 Johnson 69. The debts may be set-off, though one is *in rem* and the other *in personam. Russell v. Conway,* 11 Cal. 93. The debts should have been set-off. The debts may be set-off though one was not due. *Darby v. Freedman's Savings Co.,* 3 McArthur 358, and cases cited; *Jones v. Robinson,* 26 Barb. 310; *Holbrooke v. Receiver of American Fire Ins. Co.,* 6 Paige 226. An assignee is not a purchaser for value, without notice. He is not an indorsee for value. *Heinrich v. Woods,* 7 Mo. App. 236.

*W. H. Watts* and *Henry Smith* for respondent.

The right of set-off does not exist at common law; it is of statutory origin. *State ex rel. v. Eldridge,* 65 Mo. 584. It exists under our statute only when the parties are mutually indebted. R. S., Sec. 3867. This means the indebtedness must be such as to entitle the plaintiff to an action against defendant and defendant to an action

against plaintiff. *Weiss v. Wahl*, 5 Mo. App. 408. The bank and defendants were not mutually indebted at the time of the assignment, as the note to the bank was not then due. *Reppy v. Reppy*, 46 Mo. 571. Both debts must have been due at the time of the assignment, otherwise they could not be set off. *Martin v. Kinzmuller*, N. Y. Ct. Ap. 396; Waterman on Set-Off (2nd. Ed.) p. 131. There was no set-off in equity in this case. *Field v. Oliver*, 43 Mo. 200; 46 Mo. 571; *Crow v. Beardsley*, 68 Mo. 438; *Bosler v. Bank*, 4 Barr 32..

EWING, C.—This suit was begun August 2nd, 1881, in the Jackson circuit court at Kansas City. The petition sets out that the defendants as partners, under their new firm name of Spengler Brothers, on February 9th, 1881, executed and delivered to the Missouri Valley Bank their certain promissory note for the sum of $1,600 due one month after date, with ten per cent. interest from maturity until paid. The petition then sets up the assignment to the plaintiff, the maturity of the note on March 12th, 1881, and that the defendants on that day paid the plaintiff the sum of $1,264.62, and asked judgment for the balance with interest. Defendants filed their answer to said petition on the 21st of October, 1881. This answer is in two counts. The first count sets up want of consideration for the note, in this that the note was made and delivered to the bank on February 9th, 1881, and that the defendants got no money for it, nor any other consideration therefor, except that the money was deposited in the bank to the credit of these defendants, and never drawn out by them, and that they had received no consideration for the note. The petition set up and the answer admitted the payment of the $1,264.62 on March 12th, 1881. The answer set up that as to the balance of said note, $335.68, the defendants had received nothing from the bank. The second defence was that of a set-off for the sum of $337.08, being money due from the bank to the defendants at the time of the

failure of the bank on February 17th, 1881, the day said bank made its assignment to the plaintiff. To this answer plaintiff filed a reply denying the material allegations in both counts.

The case was tried by the court, a jury being waived, and upon hearing all the evidence the court found the facts to be as follows :

"The court, sitting as a jury, finds from the evidence that the defendants were depositors in the Missouri Valley Bank, and on the 9th of February, 1881, made a loan of said bank and gave their note due in one month, which is the note in suit, and the proceeds of the discount being $1,586.70, was placed to their credit. They, also, made divers other deposits before said bank suspended. On the 9th day of February, 1881, said bank gave defendants a certified check for $1,006.60, which was not presented for payment until after February 17th, 1881, and the check was charged in the defendants' account uncertified. This left defendants indebted to said bank on account in the sum of $670.92. The bank made an assignment on February 17th, 1881. The assignee credited back the check, leaving the bank indebted to the defendants in the sum of $335.58, and allowed this as a general claim on which he offers to pay dividends. The note sued on was not due at the date of the assignment."

And, therefore, instructed as follows, of its own motion: "The court declares the law to be that on the foregoing facts the defendants are not entitled to a set-off on the notes sued on of the $335.58."

I. This presents the whole question in controversy. It is insisted by the appellants that the assignee occupies the same relation to the debts that the bank did before any assignment was made ; and that both debts being due when the suit was commenced, the defendants can set-off the debt owing to them by the bank, against their note to the bank. To authorize a set-off , the parties must be mutually indebted; and each must be entitled

to maintain an action thereon against the other. R. S. 1879, sec. 3867. It has been held, also, that each demand must be due before they are the subject of a set-off. 3 Mo. 123. In Waterman on Set-Off, sec. 96, it is said: "Where, when a chose in action is assigned, there is an equitable right of set-off against the assignor, the assignee will take the chose in action, subject to such right of set-off." See, also, Burrill on Assignments, (2 Ed.) p. 483.

It would seem to be sufficient if the right of set-off existed in favor of the defendant and against the plaintiff, "at the time of the commencement of the suit and had then become due." *Reppy v. Reppy*, 46 Mo. 571; Waterman on Set-Off, sec. 381. In *Jones v. Receiver of the Hollister Bank*, 26 Barb. 310, it was held, where a bank, at the time of its failure was indebted to J. in the sum of $924, which was then due, and J. owed the bank $391, upon a note not then due but which became due in a few days, "that it was the duty of the receiver * * * to apply a sufficient amount of the sum standing to J.'s credit, on the books of the bank, to the payment and satisfaction of the amount owing by J. upon the note." This case is quite similar to the one at bar. The facts found by the court show them to have been nearly exactly alike. *Ex parte Prescott*, 1 Atk. 230. *Atkinson vs. Elliott*, 7 T. R. 378, is a case where the debt of the defendant was due at the time of the bankruptcy to the bankrupt, and the bankrupt owed him a debt not then due. It was held that the defendant might retain the money in his hands owing to the bankrupt to satisfy his demand against the bankrupt not due. To the same effect is the case of *Holbrook v. The Receivers of the American Ins. Co.*, 6 Paige 220.

In *Darby v. The Freedman's Savings & Trust Co.*, 3 McArthur 349, it is held as follows: "It is now well settled in general that when the assignees or personal representatives of a bankrupt or insolvent are plaintiffs or defendants, the right of set-off will extend to all de-

mands that could be proved by or against the estate, without regard to the period when they became due, or the person in whom the right of action is nominally vested." See, also, *Finnell v. Nesbit*, 16 B. Mon. 351; *Clarke v. Hawkins*, 5 R. I. 219; *Morrow's Assignees v. Bright*, 20 Mo. 298; *Tucker v. Oxley*, 5 Cranch 34. In *Aldrich v. Campbell*, 5 Gray 284, it is said: "In the case of an insolvent estate of one deceased, all claims existing at the time of the death are to be set-off; in the case of an insolvent estate of a person living, all claims existing at the time of the first publication of the notice of the issuing of the warrant." See authorities cited in last case.

There is no doubt but that there existed mutual debts between the insolvent Valley National Bank and the defendants. At the commencement of the suit both debts were due. Even before the assignment the defendants had a right of action against the bank. And we see no good reason or authority for saying that the right of set-off did not exist. We must, therefore, hold that the instruction of the court below was erroneous, and the judgment must be reversed and cause remanded, with directions to enter up judgment in accordance with this opinion. All concur.