PEET *et al.*, *Appellants*, v. SPENCER, *Assignee.*

1. **Consignment of Goods for Sale :** CONDITIONAL SALE : ASSIGN-
MENT : REPLEVIN : STATUTE : PRINCIPAL AND AGENT. A consignment
of goods by one merchant to another, to be sold on commission, is
not a conditional sale, and does not come within the provisions of
Revised Statutes, section 2507, and the consignor may maintain
replevin against the assignee of the consignee for the recovery of
such part of the goods as remained unsold in the consignee's hands
when the latter made an assignment for the benefit of his creditors.

2. **Assignor and Assignee :** SUBSEQUENT PURCHASER. An assignee
is not a subsequent purchaser in good faith, within the meaning of
Revised Statutes, section 2507 ; he succeeds only to the rights of
the assignor and is affected by all the equities against the latter, and
takes the property subject to all equities.

*Appeal from Greene Circuit Court.*—HON. W. F.
GEIGER, Judge.

REVERSED.

*L. P. Cunningham* for appellants.

(1) Section 2507, Revised Statutes, has no ap-
plication at all to the facts of this case. Spencer
was but an assignee under the state law for the benefit
of creditors, made so by the voluntary deed of Fallis &
Lichliter, and held the goods in controversy only as such
assignee. He stood in the place of Fallis & Lichliter,
and had no higher or other right than they would have.
*State to use Phillips v. Rouse*, 49 Mo. 593 ; Burrill on
Assignments [2 Ed.] 484, 538 ; *Frost v. Wilson*, 70 Mo.
667 ; *Page v. Gardner*, 20 Mo. 507 ; *Jordan v. Sharlock*,
84 Pa. St. 366 ; *Barnes v. Fisher*, 9 Mo. App. 574.
(2) This suit stood precisely as if it had been between
the original contracting parties. It was the duty of the
court trying the case to declare the law correctly, for

that is the only manner here of finding whether its decision was proper under the evidence. Where the court sits as a jury the instructions, if any are given, must be given with the same correctness as if the jury were empanelled and trying the facts. *De Graw v. Prior*, 53 Mo. 313. (3) There was no absolute sale of the goods and the title never passed to Fallis & Lichliter. The plaintiff could maintain replevin. *Jones v. Evans*, 62 Mo. 375. If the property does not belong to the assignor, it does not pass to the assignee. *Clarke v. Bartlett*, 50 Wis. 547. Under the evidence in behalf of plaintiffs this transaction of placing the goods with Fallis & Lichliter was at most but a consignment for sale, and not a sale; and when Fallis & Lichliter failed and made an assignment, plaintiffs had a right to reclaim their goods, and replevy them if necessary. Section 2507 did not change the law as between these parties. This transaction was a consignment, not a sale. *Ardenried v. Betteley*, 8 Allen, 302; *Walker v. Butterick*, 105 Mass. 238; *Bayless v. Davis*, 47 Ia. 340; *Brothers v. Davis*, 47 Ia. 363.

No brief for respondent.

BLACK, J.—This was an action of replevin commenced in the circuit court of Jasper county and removed by change of venue to Greene county. The plaintiffs were manufacturers of soap at Kansas City, and on the fourteenth of November, 1880, shipped a car load of soap to the defendant's assignors at Joplin, Missouri. On the sixth of December, 1880, Fallis & Lichliter failed and made a voluntary assignment to the defendant. At the time of the assignment they had nearly all the car load of soap in their store, and the defendant claims the property by virtue of the deed of assignment. There was evidence tending to show

that the goods were sold out and out to the assignors, and on the other hand that the plaintiffs refused to sell to them, but only shipped the goods to them to be sold on commission. There was evidence tending to prove all the facts hypothetically stated in the following instruction, asked by the plaintiff, and which the court refused to give:

"1. The court declares the law to be, that if it appears from the evidence that the goods replevied in this suit were part of a car load lot which the plaintiffs shipped to Fallis & Lichliter, and that they were to sell the goods at a certain price to be fixed by the plaintiffs, and that Fallis & Lichliter upon all sales were to receive fifteen or twenty cents a box, according to the size of the box, whether sold by themselves or plaintiffs' agent, O. H. Brown, and that Fallis & Lichliter were to pay over at intervals of from sixty to seventy-five days the proceeds of such sales to plaintiffs, as their agent, Brown, would come around on his trip, and that Fallis & Lichliter were to pay for no goods in said car load lot until after the same had been sold, then the transaction between plaintiffs and Fallis & Lichliter was not a sale of said car load of soap, but was a consignment for sale, and that the title of the goods did not vest in Fallis & Lichliter, and the plaintiffs are entitled to recover."

The defendant makes no appearance here and it is conjectured that he succeeded below by reason of section 2507, Revised Statutes, which is as follows: "In all cases where any personal property shall be sold to any person, to be paid for in whole, or in part, in installments, or shall be leased, rented, hired or delivered to another on condition that the same shall belong to the person purchasing, leasing, renting, hiring or receiving the same whenever the amount paid shall be a certain sum, or the value of such property, the title to the same to remain in the vendor, lessor, renter, hirer, or deliverer of the same, until such sum or the value of such prop-

erty, or any part thereof, shall have been paid, such condition in regard to the title so remaining until such payment, shall be void as to all subsequent purchasers in good faith, and creditors, unless such condition shall be evidenced by writing executed, acknowledged and recorded, as provided in cases of mortgages of personal property."

This section was adopted in 1877 and by the same act, section 10, of the act relating to fraudulent conveyances, was amended so as to read as it now appears as section 2505, Revised Statutes, 1879. Before this act it had been often held that the vendor of personal property might, by his contract with the vendee, reserve the title in himself until payment of the consideration, and that such reservation was valid even as against a *bona fide* purchaser, though the contract was not acknowledged or recorded. 71 Mo. 121, and cases there cited.

No doubt the act of 1877 was designed to, and does, work a radical change in the law as respects these conditional contracts and leases. But does the section above quoted apply to the case stated in the instruction? We are of the opinion it does not. The case stated in the instruction is simply a consignment of goods by one merchant to another to be sold on commission. It is not a sale, lease, hiring or delivery of goods on condition that the title should pass to the vendee, or lessee, or other person, on payment of the price or value of the property. The consignees had, and were to have, power to sell, and that was the very purpose of the transaction. As was said in *Coover v. Johnson*, 86 Mo. 533, the act of 1877 was intended to prevent secret and unrecorded contracts of sales from being used to the detriment of unsuspecting creditors, or purchasers from the vendee. It doubtless also aims at transactions in the nature of conditional sales, though called a leasing, hiring, or by some other name. Again, if the transaction should turn out to be within

section 2507, can the assignee hold the property as against the plaintiffs? We held in the case last cited that a conditional unrecorded contract was valid as against a creditor with notice. . If the assignee can hold the property in this case it is because he is a "subsequent purchaser in good faith." In Burrill on Assignments, section 391 [4 Ed.] the author says: "It may be said generally that the assignee succeeds only to the rights of the assignor, and is affected by all the equities against him, and takes the property subject to all equities." In *State to the use of Phillips v. Rowse*, 49 Mo. 586, it was ruled that the consideration in a deed of voluntary assignment is sufficient to support the assignment as against the statute of frauds, but it is not such as to cut off equities that were good against the assignor. The assignee, so far, stands in his shoes. An assignee for the benefit of creditors cannot impeach a prior mortgage because it was not recorded. *Van Heusen v. Radcliff*, 17 N. Y. 580 ; *Heinrich v. Wood*, 7 Mo. App. 236. If the sale or transaction in this case be one which was valid as between the parties thereto, then it is valid as against the assignee, for he is not a subsequent purchaser in good faith within the meaning of the statute in question. As to the title to the property in question he occupies no better position than the assignors.

The judgment is, therefore, reversed and the cause remanded. All concur.