GREEN, Assignee, *Appellant*, v. CONRAD *et al.*

Division Two, March 14, 1893.

1. **Assignment for Benefit of Creditors:** EQUITIES. An assignee for the benefit of creditors takes the debtor's estate subject to all equities existing at the date of the assingment; he is not a purchaser for value without notice.

2. **Parties:** APPEAL BOND: SURETIES. Where, after the death of the principal obligor on an appeal bond, action is brought on the bond against the sureties, the executor of the principal may, on application, be permitted to become a party defendant.

3. ——: ——: ——: COUNTERCLAIM. Such principal and surties may, under Revised Statutes, 1889, sec. 2050, relating to counterclaims, plead as a counter-claim a judgment obtained by the principal obligor against the obligee in the bond on debts existing at the time the judgment appealed from was rendered.

4. ——: ——: ——: ——. The fact that the obligor did not present his judgment for allowance to the assignee does not affect the right of the executor and sureties to interpose it as a counterclaim.

5. ——: ——: ——: MERGER. The action on the appeal bond is "an action arising on contract" within the meaning of Revised Statutes, 1889, sec. 2050, even though the judgment appealed from was rendered for a tort, since the tort became merged in the judgment.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*George A. Madill* for appellant.

(1) The defense pleaded in the answer is not a counter-claim existing in favor of the sureties. It

would not be a counter-claim in favor of William F. Davidson, if alive, or in favor of his executor if he were a party against whom a judgment is asked. Revised Statutes, 1889, sec. 2050; *Barnes v. McMullen*, 78 Mo. p. 269; Pomeroy on Rights and Remedies, sec. 741, also sec. 749, *et seq*. (2) The judgment in favor of William F. Davidson cannot be invoked by the sureties as a legal or statutory set-off. It could not be so used by the executor of William F. Davidson were a judgment asked against him. Revised Statutes, sec. 8160; *May v. Keller*, 1 Mo. App. 381; Waterman on Set-off, secs. 142 and 322. To entitle a party to set-off both demands must be liquidated. But appeal bonds on which these suits are based are unliquidated demands. The sureties therefore cannot, nor could William F. Davidson or his executor invoke a set-off as a legal defense. *May v. Keller*, 1 Mo. App. 381, and cases there cited; *Baker v. Corning*, 19 Mo. 125; *Mahan v. Ross*, 18 Mo. 121; *Johnson v. Jones*, 16 Mo. 494; *State v. Meadrell*, 15 Mo. 421; *State v. Eldridge*, 65 Mo. 586. (3) Neither the court nor the sheriff could, under the statute, have off-set the judgment rendered in favor of William F. Davidson against the judgment rendered in favor of the corporation; nor the executions if excutions were issued. (4) The jurisdiction of equity over off-sets existed prior to any statute of off-set and still exists independent of such a statute. And off-sets which do not come within the statute are sometimes allowed if the facts warrant the interposition of the equity powers of the court. *Barnes v. McMullen*, 78 Mo. 271; *Huse v. Ames*, 104 Mo. 91; Waterman on Set-off, sec. 410. (5) But insolvency alone of the plaintiff or of his assignor, without concurrence of other circumstances, will not induce a court of equity to enforce a set-off which would not be valid at law. The case must be such that to deny the right (as, *e. g.*,

Green v. Conrad.

in the case of unliquidated demands) would operate, in effect, as a fraud and be a denial of justice. *Howe v. Sheppard*, 2 Sum. 409; *Lockwood v. Beckwith*, 6 Mich. 168; *Hole v. Holmes*, 8 Mich. 37; *Green v. Darling*, 5 Mason, 201; *Graham v. Idford*, 1 Metc. 112. (6) A court of equity therefore allows or rejects an alleged equitable set-off in accordance with the equitable principles by which it is guided and governed. And if the equities against the allowance of an off-set in any case of which it has jurisdiction are superior to those which exist in favor of the party who invokes it the right of set-off is denied. Waterman on Set-off, sec. 439; *Holbrook v. Receiver*, 6 Paige Rep. 220; *Coffin v. McLean*, 80 N. Y. 560; *Benjamin v. Jorman*, 79 Mo. 149; *Lingle v. Ins. Co.*, 45 Mo. 109; *Holland v. Heyman*, 60 Ga. 174; *Chase v. Woodward*, 61 N. H. 79; *Hovey v. Morrill*, 61 N. H. 9. (7) The judgments rendered in favor of the corporation and against William F. Davidson and others and the appeal bonds in suit were assets of the corporation. And after the corporation became insolvent these and all other assets owned by it became a trust fund which the law required to be equally distributed among all its creditors. *Williams v. Jones*, 23 Mo. App. 132; *Roan v. Winn*, 93 Mo. 503; *Woolen Mills v. Kamps*, 38 Mo. App. 229; *Rouse v. Bank*, 22 N. E. Rep. 293 (29 Cent. Law Jour. p. 442); Taylor on Private Corporations, secs. 668, 759; 2 Morawetz on Corporations, secs. 802, 803; Wait on Insolvent Corporations, sec. 162; *Shickle v. Watts*, 94 Mo. 410; *Russell v. Owen*, 61 Mo. 185. (8) The motion to strike out part of the answer of Frank L. Johnson, executor, should have been sustained. The suits are not against him but against the sureties. The liability is joint and several. The right of action in favor of the sureties against the estate of William F. Davidson does not arise until they have

paid their principal's debt. They have two years after such payment within which to establish their claims against the estate of Davidson. Hence the fact that the bonds in suit were not presented for allowance against the estate of Davidson cannot be pleaded by his executor as a defense in favor of the sureties in these causes. *Miller v. Woodward*, 8 Mo. 169; *Greenbaum v. Elliott*, 60 Mo. 25; *Burton v. Rutherford*, 49 Mo. 255; *Chambers v. Smith*, 23 Mo. 174; *Finney v. State*, 9 Mo. 227; *Burckhardt v. Helfrich*, 77 Mo. 376; *Finney v. Tenney*, 80 Mo.. 668; *Priest v. Watson*, 75 Mo. 310·; *Hearne v. Keath*, 63 Mo. 84.

*James O. Broadhead* and *Given Campbell* for respondents Conrad and Johnson.

(1) The defense is based upon the correct theory that the claim of Davidson was a counter-claim against the Keokuk Northern Line Packet Company, which had matured prior to the appointment of the receiver, and hence prior to the appointment of Green as assignee, and was within the provision of section 2050, Revised Statutes, 1889. *Barnes v. McMullen*, 78 Mo. 260; *McAdow v. Ross*, 53 Mo. 199; *Empire Trans. Co. v. Boggiano*, 52 Mo. 294; *Gordon v. Bruner*, 49 Mo. 570. (2) This being a counter-claim, the question of whether or not plaintiff's cause of action is one for unliquidated damages is immaterial, as a claim of that character is permissible. *Barnes v. McMullen*, 78 Mo. 260; *Empire Trans. Co. v. Boggiano*, 52 Mo. 294; *Kamerick v. Castleman*, 23 Mo. App. 481. (3) That unliquidated damages may be pleaded as counter-claim, *supra*, and *Scammon v. Kimball*, 92 U. S. 362; *Parsons v. Sutton*, 66 N. Y. 92; *Lignot v. Redding*, 4 E. D. Smith, 285; *Wheelock v. Gas Co.*, 51 Cal. 223; *Gardner v. Risher*, 35 Kan. 93. (4) The plaintiff Green being

Green v. Conrad.

a general assignee is not one for value, and took sub-
ject to all the equities and rights existing at the time of
the assignment. *Peet v. Spencer*, 90 Mo. 384; *State,
etc., v. Rouse*, 49 Mo. 586; *Jordan v. Shalock*, 84 Pa.
St. 366; *Chenault v. Bush*, 84 Ky. 528; *Fera v. Wickam*,
15 N. Y. Sup. Ct. 892. (5) There is no equity or
equality in putting a debtor who has a legal off-set to a
corporation claim in a worse position and its other
creditors in a better because of its failure. *Receivers v.
Gas Light Co.*, 23 N. J. L. 283; *Nashville Trust Co. v.
Bank*, 18 S. W. Rep. 822; *Rubey v. Watson*, 22 Mo.
App. 428; *Scammon v. Kimball*, 92 U. S. 362. (6) Our
counter-claim is very comprehensive and is constantly
receiving a broadening interpretation; it includes what
was known before as set-off and recoupment. *Emery v.
Railroad*, 77 Mo. 339; *Hay v. Short*, 49 Mo. 139;
*Gordon v. Bruner*, 49 Mo. 570. (7) The statute should
be liberally interpreted to the end that controversies
between the same parties concerning the same subject-
matter be adjusted in one proceeding. Waterman on
Set-offs, sec. 24, p. 25; *Trans. Co. v. Boggiano*, 52 Mo.
295; *McAdow v. Ross*, 53 Mo. 199; *Glenn & Hall Co. v.
Hall*, 61 N. Y. 226; *Carpenter v. Manhattan Co.*, 22
Hun, 49. (8) In law the surety has the right when
sued with his principal to avail himself of any counter-
claim his principal may have against the plaintiff.
*Waterman v. Clark*, 76 Ill. 428; *Andrews v. Farrell*, 46
N. H. 17; *Concord v. Pittsbury*, 33 N. H. 310.

*R. M. Nichols* for Sharp, administrator of Leh-
man.

(1) The notes upon which the judgment sought
to be off-set! was obtained were dated betwixt Decem-
ber 10, 1879, and October 15, 1880, and were payable
on demand; they were consequently due upon their

respective dates, and long prior to the date of the assignment, January 15, 1881; they were consequently, an equitable set-off or a counter-claim in the hands of William F. Davidson when the assignment was made. *Easton v. McAllister*, 1 Mo. 662; *O'Fallon v. Kerr*, 10 Mo. 553; *Jameson v. Jameson*, 72 Mo. 640; *Wheeler v. Warner*, 47 N. Y. 519; *Huse v. Ames*, 104 Mo. 96. (2) Without the aid of a court of equity, Wm. F. Davidson, and consequently respondent Frank L. Johnson, his executor, under the statute may counter-claim because the counter-claim is "existing in favor of defendant and against the plaintiff, between whom a several judgment might be had," and "a cause of action arising also in contract and existing at the commencement of the action." *Emery v. Railroad*, 77 Mo. 346; *Smith v. Spangler*, 83 Mo. 408. And because, under the statute of counter-claim, it is not required that the counter-claim should be liquidated, or that there should be any mutual indebtedness. *McAdow v. Ross*, 53 Mo. 200. (3) The insolvency of appellants' assignor, and the unliquidated demands upon which appellants sue, would be sufficient equity in favor of Wm. F. Davidson, and consequently Frank L. Johnson, his executor, to entitle him to set-off the judgments in a court of equity. *Barnes v. McMullen*, 78 Mo. 269; *Fulkerson v. Davenport*, 70 Mo. 541. (4) The judgment sought to be set-off or counter-claimed is liquidated, it is certain and definite, and, the insolvency of the adverse parties being admitted, the chancellor has jurisdiction to retain the matter and give full and final address by decreeing a set-off. *Field v. Oliver*, 43 Mo. 202; *Barnes v. McMullen*, 78 Mo. 269. (5) A surety, when sued by a creditor upon his contract, may plead and prove in his defense any set-off or counter-claim which would have been available to his principal had the action been commenced against him. Bryant on

Suretyship, sec. 203; Harris on Subrogation, sec. 221; Byles on Surety and Guarantor, page 408; *Rubey v. Watson*, 22 Mo. App. 428; *Jarratt v. Martin*, 70 N. C. 459; *Cole v. Justice*, 8 Ala. 793; *Hamrod v. Bough*, 85 Ill. 435; *Marshall v. Cooper*, 43 Md. 60. (6) The equitable doctrine of off-set and counter-claim would be abrogated in all cases of insolvency if the objection of unequal payments to creditors could prevail. Equity regards the creditor of two, having mutual dealings, as having rights superior, because he is regarded as dealing with reference to the cross-demand, and equity will off-set such, although the effect be to pay this creditor more than another. *Holbrock v. Receiver*, 6 Paige, 220; *Rubey v. Watson*, 22 Mo. App. 433; *Smith v. Spangler*, 83 Mo. 403. (7) The fact that W. F. Davidson never proved the judgment now sought to be used as an equitable set-off or counter-claim against the assigned estate, shows that he intended this fund to meet his obligations on the bonds in this suit, and to this right, which is a greater equity, then common creditors, the sureties, should be subrogated. *Rubey v. Watson*, 22 Mo. App. 433; *Holbrook v. Receiver*, 6 Paige, 220.

GANTT, P. J.—The Keokuk Northern Line Packet Company was a corporation created under the laws of Missouri, and for some years prior to 1880 was engaged in the transportation of passengers and freight between St. Louis and St. Paul on the Mississippi river. On the twenty-eighth of October, 1880, James Ward *et al.*, recovered judgments in the St. Louis circuit court against William F. Davidson *et al.* for $1,952; against Davidson alone for $3,435, and against William F. and Peyton S. Davidson for $20,081. The decree went further and removed William F. Davidson, who was

president of the said packet company, from his position as president and director and ordered an election to fill his place. The court also appointed Samuel Clubb as receiver of the company.

Appeals were taken from each of said judgments and three general *supersedeas* bonds were given and approved by the court. In each of said bonds William F. Davidson was principal and Peter Conrad and Peter Lehman were sureties. The causes were first appealed to the St. Louis court of appeals, where they were affirmed "*pro forma*" and then appealed to this court, *the said sureties consenting in writing* that their obligations on the bonds for appeal to the court of appeals should *continue and bind them on appeal to this court.* Upon a hearing in this court, April term, 1886, the final decree of the circuit court was affirmed, but the judgment was reversed and remanded to the end that a final decree might be entered in the circuit court in accordance with certain modifications in the amounts made in this court. *Ward v. Davidson*, 89 Mo. 445.

On the fifteenth of January, 1881, the packet company became insolvent and on that day made an assignment to Chas. Green, for the benefit of its creditors, under the laws of Missouri. He qualified as such, and has ever since been the assignee of the corporation. Clubb, who was appointed receiver in 1880, was discharged in 1888, and ordered to turn over all assets in his hands to Green, the assignee.

When the decree and judgment above referred to were rendered by the circuit court, October 28, 1880, the said William F. Davidson was the owner of nine promissory notes made by said packet company, a statement of which is given in the record. These notes were dated on different days, commencing with December 10, 1879, and ending with October 28, 1880,

and aggregate at their face $27,092.11. These notes have not been paid. When they were executed the said packet company was running a line of packets between St. Louis and St. Paul, engaged in the transportation of freight and passengers. On or about the seventh of October, 1884, the said William F. Davidson, being a resident of Minnesota, and the packet company having a residence and place of business in St. Paul in said state, brought suit against the company on said notes in the district court of Ramsey county, Minnesota. The company was duly served with process, and on the twenty-sixth day of March, 1885, a judgment against the company, and in favor of Davidson upon said notes for the principal and interest thereof was rendered for the sum of $45,778.56, and costs. The judgment is unsatisfied. And on the nineteenth of March, 1887, said William F. Davidson, by leave of court first obtained, brought suit against said packet company in the circuit court of the city of St. Louis upon said Minnesota judgment, and service being had on the company, obtained judgment against it on the tenth day of May, 1887, by default, for $51,626.95. No appeal was taken from this judgment and it remains unsatisfied. This judgment is set forth in the record.

The appellant, as assignee, gave due notice by publication and by mail to the creditors of the corporation, and among others to the said William F. Davidson, of his intention to hear and allow demands against the estate of the said corporation, as required by law, and proceeded to hear and allow demands, but neither the said William F. Davidson, who was then living, presented, nor did the executors of his will after his death present either the said notes or the said judgments or either of them in his favor above referred to for allowance against said assignee. The assets of said assigned estate were wholly inadequate to

pay the claims which were allowed against the estate in full and no dividend has been paid on any of the allowed claims.

On March 22, 1890, the appellant as assignee of said corporation, filed three suits in the circuit court of the city of St. Louis against Peter Conrad and the administrator, with will annexed of said Lehman, Conrad and Lehman being sureties in the appeal bonds given as above stated. None of the principals were sued.

The actions were for the penalties of the bond to be satisfied by executions for the amounts of three judgments in the circuit court, rendered in pursuance of the judgment of this court. The court ordered them consolidated.

After the causes were consolidated, Frank I. Johnson, the executor of William F. Davidson, was on his motion made a party defendant and filed an amended answer to the consolidated case. The answers of Conrad and Lehman, after admitting the execution of the several bonds by them as sureties, the affirmance of the judgments against their principals, proceeded to charge the indebtedness of the packet company to William F. Davidson, and the rendition of the judgment in his favor therefor and claim the right by and with the consent of his executor to insist upon that indebtedness as an off-set or counter-claim to the demand of plaintiff, the assignee of said packet company. The plaintiff moved to strike out all the portion asserting the counter-claim, but the court overruled his motion and he excepted. The executor Johnson also pleaded said judgment and indebtedness in favor of his testator as a counter-claim. This, the court refused also to strike out on motion of plaintiff, and he excepted. To these answers plaintiff replied; to the answers of Conrad and of Johnson, the executor, be admitted that Davidson

had recovered judgment in Ramsey county, Minnesota, for $45,778.56, March 26, 1885; that afterwards by leave of the St. Louis circuit court he sued said packet company on said judgment and recovered judgment May 10, 1887, for $51,626.95. But he denied the right of defendants to a set-off or a counter-claim for said judgment because he had duly notified Davidson of the day for the allowance of claims and he had refused to present said judgment for allowance and therefore asserted he was barred. Further replying, he asserted that the judgments of the packet company grew out of Davidson's misappropriation of the assets of the company while president, and misconduct and abuse of his trust. He further alleged that Davidson's estate was entirely solvent, and that if this claim was allowed no other creditor would receive any part of the assets misappropriated by him. The court on motion of defendants struck out the special new matter averred in the reply and plaintiff excepted.

The cause was heard on an agreed statement of facts, which appears in full in the record on file.

The plaintiff asked the court to give the following instructions, that is to say:

"1. The court declares the law to be that, upon the pleadings and the evidence plaintiff is entitled to recover against defendants, Peter Conrad and Christopher Sharp, upon the three bonds sued upon in this cause as consolidated, that the damages which the plaintiff has sustained and is entitled to recover by reason of the breach of the bond sued upon in cause originally numbered 82,060 is the sum of $2,403, with interest from April 12, 1887, at six per cent. per annum to date; that the damages which the plaintiff has sustained and is entitled to recover by reason of the breach of the bond sued on in cause originally numbered 82,058 is the sum of $7,800.

"2. The court declares the law to be that, upon the pleadings and the evidence, the defendants are not entitled to the off-sets set up in their answers."

The court gave the first and refused the second of these instructions. To the refusal of the court to give the second instruction the plaintiff duly excepted. The court rendered judgment in favor of the plaintiff for the amounts due on the several bonds sued on in the aggregate amount of $45,650.82, and found in favor of the defendants and against the plaintiff, "upon the defendants' cause of action stated in their answers to said three suits, the sum of $64,533.65."

The judgment then proceeds as follows: "It is therefore ordered, adjudged and decreed by the court that so much of the set-off or counter-claim pleaded by defendants and found in their favor by this court as will be sufficient to cover the amount found in favor of said plaintiff, be and the same is now set off against the amount found in favor of the defendants; that plaintiff recover nothing by this suit in this behalf, but that the defendants go hence without day and recover of said plaintiff their costs and charges in this behalf expended, and have execution therefor."

The plaintiff in due time filed his motion for a new trial. This motion was overruled by the court, to which action the plaintiff excepted. And from the judgment rendered the plaintiff appealed to this court.

This is an action against the sureties of William F. Davidson on three different appeal bonds executed by him and them, on appeal from judgments rendered by the circuit court of the city of St. Louis on the twenty-eighth of October, 1880, in favor of the Keokuk Northern Line Packet Company, of which company the plaintiff, Charles Green, afterwards became the assignee by deed of assignment January 15, 1881.

At the time these judgments were rendered against William F. Davidson, the packet company was indebted to him by notes of different dates, all due, and amounting in the aggregate to more than three said judgments of the company against him.

At the time it obtained said judgments against Davidson, the packet company was a "going concern," and was solvent, doing a large business, transporting passengers and freight from St. Louis to St. Paul, Minnesota, on the Mississippi river.

In the record, the indebtedness of the company to Davidson is nowhere impeached, either as to validity or amount. The obligation on which the sureties are sued was that the judgments against Davidson should be performed; that, if said judgments were affirmed in this court, they would comply with said affirmance and pay said judgments, interest, and costs, and this the plaintiff demands.

In their answer they now say that said judgments are in fact satisfied, or ought to be, in law, because by the judgment of the same court which rendered them said packet company is indebted to their principal in said bond in a much larger sum than the judgments against him, in its favor amounted to, and in this defense the executor of William F. Davidson joins and asks that the judgment of Davidson may be set-off or counter-claimed to the amount of the judgment of the packet company.

The circuit court sustained the right of defendants to avail themselves of this judgment as a set-off or counter-claim and this is made the ground of error by plaintiff. His contention is that the circuit court erred in so ruling:

*First.* Because there is no mutual indebtedness between the sureties and the company.

*Second.* Because the claim of the company against Davidson has been assigned to appellant Green for the benefit of creditors.

*Third.* Because the obligation of the sureties on said appeal bonds is for unliquidated damages.

*Fourth.* Because the judgment against the principal, Davidson, is a judgment for damages growing out of a breach of trust on his part as an officer of the company.

I. An assignee, for the benefit of creditors, under our statute takes the assigned estate subject to all equities existing at the date of assignment. He is not a purchaser for value without notice. *State to use v. Rowse,* 49 Mo. 593; *Peet v. Spencer,* 90 Mo. 384; *Huse v. Ames,* 104 Mo. 91.

Among these "equities" is the right of set-off and counter-claim. In *Smith v. Spengler,* 83 Mo. 408, a bank made an assignment for the benefit of its creditors, and its assignee sued the defendants on their note to it which became due after assignment. The defendants pleaded by way of set-off a debt due them from the bank before the assignment, and it was held a proper set-off, and the cases of *Atkinson v. Elliott,* 7 T. R. 214; *Holbrook v. Receivers,* 6 Paige, 220; *Darby v. Savings & Trust Co.,* 3 McArthur, 349; *Finnell v. Nesbit,* 16 B. Mon. 351; *Morrow's Assignees v. Bright,* 20 Mo. 298; *Tucker v. Oxley,* 5 Cranch. 34; *Aldrich v. Campbell,* 4 Gray, 284, were cited with approval.

In *City of Kansas to use v. Ridenour,* 84 Mo. 253, in an action on a special tax bill to the use of the assignee of the *Mastin Bank v. Ridenour,* the defendants were permitted to set-off a deposit they had in the insolvent bank when it failed.

So that if this were an action by the assignee, Green, against William F. Davidson or his estate alone upon the judgments rendered against him in favor of

Ward *et al.*, or upon the bonds in suit, there could not be any doubt about his right to set off his judgment on the notes of the packet company that were due prior to and at the time of the assignment, so that plaintiff's second reason for denying the set-off or counter-claim cannot avail, for, according to the most exacting and technical rule, Davidson or his executor would be entitled to set-off or counter-claim his judgment.

II. Plaintiff saw fit in this case to pass by the estate of Davidson, which was in course of administration in the city of St. Louis where this action was brought, and sue only his sureties, and it is admitted that the estate was and is solvent.

The first exception saved is to the action of the court in permitting Johnson, the executor, to become a defendant on his own application. In this the court committed no error. The estate of Davidson had a direct pecuniary interest in the cause. If judgment should go against the sureties, an action would at once lie in their behalf against the estate for exoneration from the debt for which Davidson was primarily liable.

Knowing this, why would a court encourage all this circumlocution and multiplicity of suits, which it is the true policy of the law to avoid? It is the underlying principle of the whole doctrine of set-off and counter-claim that, whenever entire justice can be done both parties by an adjustment of their mutual demands without the violation of any of the settled rules of law, it ought to be done. But it seems to us that it is peculiarly proper to permit the executor of Davidson to defend in this case for the reason that otherwise the rankest injustice may ensue. Revised Statutes, 1889, sec. 1993; *Railroad v. Hatton,* 102 Mo. 45-56; *Valle v. Cerre's Adm'r,* 36 Mo. 575-584.

We have already seen that as to the actual cross demands, the two judgments, if the assignee had sued Davidson alone, no question could arise as to his right to set-off his own judgment; but, seemingly to avoid this right or privilege of Davidson, resort is had to the bond alone *without suing the principal.* Now, if as plaintiff contends, the sureties cannot maintain this defense, either as a set-off or counter-claim, for the reason that until they have paid the debt secured by their bond, they have no cause of action against their principal, we will have this result, the assignee of an insolvent estate will recover $30,000 by indirect means of one who is its creditor for over $50,000, and he will have no day in court to oppose such a proceeding. But the law does not regard these sureties so harshly that it will unnecessarily compel them to first pay this bond, and then subject them to the additional expense and trouble of another action against the estate of Davidson, and the uncertainty of litigation, if consistently with its rules it may be avoided in this one action.

III. Holding as we do then that Johnson, the executor of Davidson, was rightfully permitted to defend, two questions arise, first, his full right to plead Davidson, his testator's, judgment as a counter-claim to this suit on bond; secondly, the right of the sureties to avail themselves of such a defense.

The learned counsel for plaintiff denies the right of either to make this claim. His position is that Davidson's executor could not invoke it because the appeal bonds on which the suit is based are unliquidated demands, and to entitle a party to set-off both demands must be liquidated. But, if we look at this case as it actually exists, after all it is an action to collect the judgment against Davidson, with interest and costs. It is for this and nothing else the petition is framed. The fact that the bond names the penal sum.

of $48,800 does not render defendant liable for that sum, and so plaintiff prays "that execution issue for the sum of $29,273.44 and interest at the rate of six per cent. per annum from said twelfth day of April, 1887, and costs."

Plaintiff recognizes what the law in its wisdom has decreed, that compliance with the condition will satisfy the penalty in the bond, and unless we are to sacrifice substance to form and ignore the real nature of plaintiff's suit it must be admitted that plaintiff's real action is for the amount of his judgment and costs, which has been liquidated and entered of record.

It is a misnomer to denominate a claim based upon such facts as unliquidated. *State to use v. Modrell*, 15 Mo. 421, was a suit upon an executor's bond, and the damages to be recovered for breaches of the bond by various acts of misconduct were unliquidated, but that case is easily distinguished from this.

But it is not necessary to base defendant Johnson's right to a counter-claim upon the fact that plaintiff's claim is liquidated. By section 2050, Revised Statutes, 1889, "in an action arising on contract," the right of counter-claim is given a defendant to plead, "*any other cause of action* arising also on contract and existing at the commencement *of the action.*" *Emery v. Railroad*, 77 Mo. 346.

Under this statute, as plaintiff's case is based upon the contracts, to wit, the three bonds for appeal, it is immaterial whether this claim is liquidated or unliquidated, for in either case the defendant, Johnson, if sued separately, might plead his cause of action *also arising on contract*, to-wit, his notes, upon which his judgment rests, which were all due when Ward *et al.* recovered their judgment in October, 1880. *Peet v. Spencer*, 90 Mo. 384; *Barnes v. McMullins*, 78 Mo. 260-273.

Under the second subdivision of section 2050, the counter-claim therein defined must exist in favor of a defendant and against the plaintiff. The judgment of Davidson was against the packet company. Davidson's estate was defendant, and his judgment was unsatisfied. It was a counter-claim in favor of the defendant against an assignee who took the packet company's assets subject to this right of counter-claim in Davidson. Can the fact that the sureties are sued along with the executor, destroy the right of off-set or counter-claim? On this point the authorities are not all agreed.

In the case of *Himrod v. Baugh*, 85 Ill. 435, the action was upon an appeal bond executed by Himrod as principal and Livingston and Millard as sureties to Thomas Baugh on appeal from the city court of East St. Louis. The suit was brought for the use of Levi Baugh to whom it was alleged the judgment was assigned in June, 1874. The plea was that Neidenfelt had obtained judgments against Thomas Baugh, the plaintiff in the first mentiond judgment, and had instituted a proceeding by garnishment against the defendants; that they had answered without notice of the assignment of the judgment by Thomas to Levi Baugh, and had paid the garnishment judgment; and asked that the amounts so paid should be applied to the said assigned judgment. They further averred that Livingston and Millard were sureties for Himrod in the appeal bond. In that case the supreme court of Illinois while recognizing the general rule that demands to be set off must be mutual as respects the parties, and that joint and separate debts could not be set off against each other, said: "But Himrod and Elithorpe are here the principal debtors, and Livingston and Millard only their sureties; and such a circumstance has been admitted by some courts of respectable authority, as creating an exception to the general rule, they holding that a

claim of the principal debtor against the plaintiff may be set off in an action against the principal and his sureties. *Mahurin v. Pearson*, 8. N. H. 539; *Concord v. Pillsbury*, 33 N. H. 310; *Brundridge v. Whitcomb*, 1 Chipman (Vt.), 180. We are inclined to accept the rule of these authorities. It seems to be in consonance with the equitable principles which so largely govern the relation of principal and surety, and we are struck with the fitness of allowing whatever, not merely personal, would be a matter of defense for the principal debtor, were he sued alone, to be admitted as a defense in favor of the principal and surety when they are sued together. The principal debtor is the real debtor, and the surety but security for the payment of the principal's separate debt; and offsetting a demand in favor of the principal debtor alone, when sued with his surety, is setting off against each other what may be regarded as essentially mutual debts. * * * *Bourne v. Bennett*, 4 Bing. 423. In *Ex Parte Hanson*, 18 Vesey, 232, it was observed by Lord ELDON, in reference to the indebtedness of principal and surety on a joint bond, that "the joint debt was nothing more than *a security for a separate debt.*" In addition to the authorities cited by the supreme court of Illinois, may be added the cases of *Andrews v. Varrell*, 46 N. H. 17–19; *Wulschner v. Sells*, 87 Ind. 71; *Waterman v. Clark*, 76 Ill. 428; *Brewer v. Norcross*, 17 N. J. Eq. 219; *Carter v. Compton*, 79 Ind. 37; *Aultman v. Hefner*, 67 Texas, 54; *Jarratt v. Martin*, 70 N. C. 459. These authorities all concur in holding that *where the joint debt is a mere security for the separate debt of the principal the right of off-set will be allowed.*

We think the circuit court properly ruled that the defense might be made, in view of the fact *that Davidson's executor was in court making the defense in the right of his testator, the principal in the bond,* with the other

defendants, and consenting of record that they should avail themselves of his judgment as a protection. Pomeroy in his Remedies and Remedial Rights, section 750, says, "If the principal debtor and the surety are sued together, and the former interposes the counter-claim existing in his own favor and succeed on it, the *result* of course operates *as a defense* in aid of the surety; the plaintiff's demand being partly or wholly extinguished, the surety would necessarily obtain the benefit of such extinction."

We have no hesitation in holding that under the circumstances the executor and sureties could together interpose the judgment of Davidson as a counter-claim. The fact that Davidson refused or failed to present his judgment for allowance before the assignee, does not affect the right of his executor and sureties to interpose the counter-claim now against the suit of the assignee. *Lay v. Bank*, 61 Mo. 72; *Stiles v. Smith*, 55 Mo. 367; *Holbrook v. Receivers*, 6 Paige, 220; *Rubey v. Watson*, 22 Mo. App. 433.

But still another reason is asserted by the plaintiff why this off-set or counter-claim cannot be allowed and it is this. "The judgments in favor of the packet company against Davidson *et al* was for money of the corporation wrongfully appropriated by them while acting as president and directors; that these judgments were assets of the corporation, and the duty to return it was in no sense such a debt as equity deals with in allowing set-offs, and the executor and sureties in seeking to avail themselves of it are attempting to do what Davidson would not be permitted to do in a court of conscience."

As to this contention, in the first paragraph of this opinion we have considered the attitude of the assignee with reference to the assets of the packet company. Under our decision and of the courts of the various

states in the construction of statutes similar to ours, the assignee is not a purchaser for value, and without notice. He takes the assets *"cum onere,"* that is to say, "the assets found due after deducting all just set-offs, counter-claims, discounts, etc." "This balance they are entitled to and no more."

"This is all the fund the assignors would have to satisfy their creditors, in case they had made no assignment for the benefit of creditors." *Smith v. Spengler,* 83 Mo. 408; *Chenault v. Bush,* 84 Ky. 536; *Scammon v. Kimball,* 92 U. S. 362-371; *Rubey v. Watson,* 22 Mo. App. 428-434.

Granting that the assets of an insolvent corporation are a trust for the benefit of its creditors, there is nothing in this principle which will deprive a debtor of said corporation of his right of off-set or counterclaim which exists at the time of the assignment.

The debt which Davidson's executor and sureties seek to counter-claim in this case, was created when this corporation was a "going concern," and the cases of *Shickel v. Watts,* 94 Mo. 410 and *Roan v. Winn,* 93 Mo. 503, do not conflict with our view of this case.

This is an action at law. The plaintiff is the assignee of a corporation, that had obtained judgments against Davidson. In a court of law he is suing the sureties and administrator of Davidson to collect those judgments. To this action they interpose another judgment at law obtained by Davidson, and we are asked to go back of these judgments and examine into the elements of the debt, upon which the packet company's judgments were obtained. We think it a sufficient answer to this claim to say that, whatever might have been the complexion of the transaction which resulted in plaintiff's judgments, it is clear that when that judgment is made the foundation of an action at law, the judgment itself merges the prior proceedings·

leading up to it, and constitutes the cause of action, and as such it becomes *the contract in suit*, and is subject to a counter-claim, irrespective of the original claim whether tort or contract. In *Barnes v. McMullin*, 78 Mo. 260, this court approved the statement of Pomeroy in his Remedies and Remedial Rights section 301, to the effect that "whenever a plaintiff could waive a tort and sue in *assumpsit*, such claim would be a proper subject of counter-claim and *in an action thereon the party charged may plead as a counter-claim another cause of action arising on contract.*" *School Board v. Bank*, 84 Mo. 56; *School Board v. Bank*, 12 Mo. App. 104; *Empire Trans. Co. v. Boggiano*, 52 Mo. 294; *Railroad v. Chenault*, 36 Kan. 51; *Becker v. Northway*, 44 Minn. 61; *Coit v. Stewart*, 50 N. Y. 17. Without further elaboration our conclusion is that this is an action at law upon a lawful contract, and the defendants are not deprived of their counter-claim because the original judgment may have been based upon some dereliction of Davidson as an officer of the company. Whatever that was, it was by the company asserted and resulted in judgments, and these bonds to supersede said judgments are matters cognizable in law. They are contracts within the meaning of the law and as such are subject to the right of counter-claim set up by defendants.

The judgment of the circuit court is affirmed. All concur.